HELM, Appellant, v. DUMARS & WILLIAMS, Respondents.

A judgment which is right will not be reversed because it is rendered upon a wrong reason.

Fuller purchased some yokes of oxen of Helm, the appellant, for $1000, paid $200 down, and gave his note, with C. as surety, for the balance; C. signed the note on the express condition that title to the oxen was to remain in Helm till they were fully paid for. Fuller was to have the absolute use of them. The oxen were placed in the hands of a brother of Helm, who was in the employ of Fuller, as a driver, with the intention of securing the title in Helm. The defendant, a constable, levied upon and sold the oxen, thus situated, as the property of Fuller.

Held, that the sale by Helm to Fuller was absolute, and that Fuller had such a right of property in them as was subject to execution.

That Helm retained no effective lien upon the property. There was no agreement in writing to that effect, nor did Helm, as mortgagee, retain possession; but it was under the control and direction of Fuller. The legal consequences of this condition of things cannot be evaded by showing that the property was in the possession of Fuller's hired servant as agent or trustee.

APPEAL from the District Court of the Tenth Judicial District.
This action was brought for the recovery of three yoke of oxen, or their value, which the plaintiff laid at $800.

The facts as found by the court, to whom the case was submitted without a jury, are substantially as follows :—

. On the 24th March last, the plaintiff sold to one Fuller a lot of oxen for $1000, $200 of which were paid down, and Fuller with one Craig as surety, gave their note for the remaining $800. The plaintiff, at the request of Craig, and by consent of Fuller, proposed to retain a lien on the oxen sold, until they were paid for by Fuller, and in view of this, it was agreed that they should be placed in possession of James Helm, a brother of plaintiff, but they were to be used by the latter for any and all purposes, that the purchaser, Fuller, might require in and about his business. Fuller gave James employment as driver of the oxen, and paid him wages at the rate of $3 per day during the time. Before the oxen were paid for, on the 8th April following, the defen-

dant, Williams, sued out an attachment against Fuller, which he placed in the hands of the defendant Dumars, a constable of the township, who levied on the oxen as the property of Fuller.   On the 11th April the plaintiff gave notice to Dumars, who then had the property in his custody, as an officer, that he owned them, and demanded possession of them.   On the receipt of this notice, Dumars summoned a jury under the statute, to try the validity of the plaintiff's right of property, who rendered a verdict against the plaintiff, and Dumars proceeded to sell.   The plaintiff upon the finding of the jury brought this suit to recover the property ; making Dumars, the constable, and the plaintiff in the execution, defendants.

The court also found that the note made by Fuller and Craig had been negotiated.   That Craig signed the note on the express condition that the title to the oxen was to remain in Helm, the plaintiff, until they were fully paid for, and that this was assented to by Fuller at the time.   That at the time of the levy of the attachment the title was in Helm, that is, so far as Fuller and he were concerned, the oxen not having been paid for ; and that the proof was that they were worth $800.

On these facts the court held the law to be :—

That the verdict of the jury who tried the right of property was not conclusive as to the right, except so far as to govern the officer in retaining the levy or making sale.

That the finding of the jury protected the officer in making the levy.   That if the jury had found *for* instead of against the claimant, the officer would not have been bound to proceed further without indemnity from the plaintiff in the execution.   That there being no proof that the plaintiff in the execution at any time interfered with, or directed the officer in making the levy, he is not responsible for his act.   Nor does it appear that he purchased the property, or that he ever had it in his possession. But if the plaintiff in the execution had directed the levy, the officer would still be responsible, if he levied on property of another wrongfully.   He is not bound to obey such direction. He must protect himself in the manner prescribed by the statute.

Judgment ordered for defendant with costs.   Plaintiff appealed.

*Sawyer*, for appellant.

The court found that the oxen were in possession of defendant, and sitting as a jury, having found the plaintiff entitled to them, refused to give judgment for plaintiff, on the ground that the trial of the validity of the claim by the constable's jury, summoned under the 218th sect. of the Practice Act, although it did not determine the title, was still a legal justification to the constable in a suit against him by the lawful owner. Such verdict affords no protection to an officer. It may be used in mitigation of damages, or to protect him in a suit, for a false return of *nulla bona,* where the verdict is for plaintiff, but can, in no respect, affect the rights of the real owner. 10 Johns. 98; 3 J. J. Marsh. 121; 15 Johns. 147; 4 Scam. 550; 3 U. S. Dig. 437, sect. 243.

The execution commands the officer to make the money out of defendant's property. If he seizes that of any other person he does it at his peril; he is a trespasser, and liable as any other wrongdoer. 7 Con. 735; 14 Mass. 181; 2 Pick. 121; 1 Mass. 530; 17 do. 244; 3 Iredell, 549; 2 Shipley, 312; 3 do. 185; 6 Bar.; Sup. Ct. R. 79; 10 Wend. 349.

On a naked sale, with delivery of a chattel, at a fixed price, to be paid on a certain day, but till paid, the title to remain in the seller, payment is a condition precedent, and until performance, the property does not vest in the buyer. See Chit. on Cont. 391 n., and authorities cited.

There was no delivery to Fuller in this case, the oxen having been placed by plaintiff in the possession of his brother James, to retain as his agent until paid for in full by Fuller.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

Some of the conclusions of law attained by the court below may properly be complained of as erroneous, but a judgment which is right will not be reversed, because it was rendered upon a wrong reason.

From the facts found, the plaintiff made an absolute sale of the property to Fuller, with such a right of property as was subject to execution.

If the plaintiff intended to retain any lien upon the property to secure the balance of the purchase-money, as is shown by the finding, such purpose was not carried out so as to make an effective lien.    There was no such agreement in writing, nor did the plaintiff as mortgagee retain possession.    The property was in the use, and under the complete control and direction, of Fuller, and to try to escape the legal consequences of this condition, by showing that the property was in the possession of Fuller's hired servant, as agent or trustee, would be an attempt to evade the provisions of the Statute of Frauds.

Judgment affirmed.