This is an appeal by the people of the state of California from a decree of distribution and the order denying a motion for a new trial. It is stated by appellant that these two questions are involved: "First, were the rulings of the trial court correct in the admission of statements claimed to have been made by certain deceased persons, not shown by any independent proof to have been related by blood or marriage to Eliza Clark? Secondly. Assuming all the testimony admissible, was the same sufficient to establish relationship between petitioner and Eliza Clark?"
The distributees claimed through one Jackson Freeman, who was admitted to be the father of Alice Aiston, the petitioner for distribution. Her case rested upon the contention that her father was the brother of said Eliza Clark, deceased. It is conceded by appellant that if Jackson Freeman and Eliza Clark were brother and sister, and this fact was legally shown, then the decree must be affirmed.
The objection of appellant to the admissibility of evidence is addressed particularly to the declarations of said Jackson Freeman, deceased, to the effect that said Eliza Clark was his sister. There are decisions of other jurisdictions in harmony with the contention that before such declarations can be admitted, independent evidence of the relationship of the claimant to the testate or intestate must be introduced, but the question is set at rest in this state adversely to appellant's view by the recent decision of our supreme court in the case of In the Matter of the Estate of William Hartman,Deceased, 157 Cal. 206, 107 P. 105, where it is held, as stated in the syllabus, that "Declarations made by the father of the contestant to her, during the lifetime of the testator, of his relationship to the testator, are admissible in proof of the same without extrinsic preliminary proof of the relationship of such declarant to the testator, and such declarations do not derive their evidentiary value or competency from their being admissions against the interest of the party making them, but from reasons of necessity, and the probability of their trustworthiness." *Page 788 
In reviewing the authorities upon the subject it is said: "On the other hand, however, it seems absurd to require, as a foundation for the admission of the declaration, proof of the very fact which the declaration is offered to establish. The preliminary proof would render the main evidence unnecessary. There are statements in the cases which seem to recognize a rule thus rigid and absurd." As pointed out in said decision, the relationship that is required to be shown before said declarations can be admitted is the relationship of the claimant to said declarant. This was covered, as we have seen, by the admission that petitioner is a daughter of said Freeman, and his declarations are therefore not those of a stranger, but of a member of the family.
It is but fair to the attorney general to say that the appeal herein was taken before the Hartman case was decided by the supreme court, and he has not attempted to refute the logic of said decision or to question its conclusiveness as an authority in the case at bar.
There is no more doubt as to the sufficiency of the evidence to support the conclusion of the trial court. We can do no better, perhaps, than to adopt therésumé of said evidence furnished by respondent. Among the effects of the intestate found by the administrator were several photographs, a stencil of the name "Eliza Clark," an album and some gold nuggets wrapped in a very old soiled cloth. The photographs were identified as those of the intestate and also of Eliza Clark, the sister of said Jackson Freeman. The intestate resided in Nevada county from 1860 to 1864 and so did the sister. It appears also that Freeman's sister always had a few gold nuggets in a little cloth when she visited him and had a stencil with which she marked her handkerchiefs, the stencil being similar to the one found by the administrator as aforesaid. The foregoing is sufficient to support the finding that Eliza Clark, the intestate, and Eliza Clark, the purported sister of Jackson Freeman, are one and the same person.
The relationship was shown (1) by the direct testimony of a member of Jackson Freeman's family; (2) by evidence of declarations of deceased members of the family of Alice Aiston, made during the lifetime of the intestate; (3) evidence of admissions and declarations of Eliza Clark herself. *Page 789 
As to the first, Alice Aiston testified: "I do not think my father had any other relatives, only this sister, Eliza Clark. I knew Eliza Clark in her lifetime; she was a sister of my father. I am a niece of Eliza Clark. I have seen her on several occasions. We always called her 'Aunt Eliza Clark.' "
As to declarations of members of the family, James Rowe testified that he knew Jackson Freeman and met a person at his home named Eliza Clark in 1857, and Freeman introduced her as his sister and afterward spoke to him about her several times. Alice Aiston testified that her father told her that Eliza Clark was his sister. There is testimony also of declarations of Jackson Freeman's wife to the same effect.
As to the third point, the acquiescence of Eliza Clark when introduced on two separate occasions as the sister of Jackson Freeman is equivalent to an acknowledgment on her part of said relationship, and petitioner testified that the same person represented by the photographs spoke to her concerning this relationship and told her that she was her niece; that she, the said Eliza Clark, was a sister of her, Alice Aiston's, father; that she called her "niece" when she spoke to her, and when she wanted her told her to come to her "aunt."
It is unnecessary to discuss any other question, as the foregoing are the only points upon which appellant relies, and they furnish no reason for disturbing the judgment.
The judgment and order are, therefore, affirmed.
Chipman, P. J., and Hart, J., concurred.