[Civ. No. 3827. Second Appellate District, Division One.—January 25, 1923.]

ANDRE FAURE, Respondent, v. S. C. DROLLINGER, Appellant.

[1] PLEADING — PRAYER — RELIEF AUTHORIZED. — Where an answer is filed in a case, even where there are many defendants, the plaintiff's relief is not limited as to any given defendant either to what he has asked for in his prayer for relief as against such defendant, or as to either or all the other defendants, but such relief may be granted to any party to the action as may be justified by the facts of the case, provided such facts are embraced within the issues.

[2] ID.—ISSUES — UNCERTAINTY — TRIAL — APPEAL.—Where the record on appeal shows that both defendant and his counsel thoroughly understood the issues involved in the action and were fully prepared to meet them at the time of trial, and that defendant in no manner was prejudiced by reason of the state of the pleading, the judgment will not be reversed because the allegations of the complaint might have been more direct and more certain.

[3] FINDINGS—IMMATERIAL ISSUES—EVIDENCE.—Findings on immaterial facts, although erroneous, are not sufficient to disturb a judgment; and a failure to find on an immaterial issue or on an issue which, as judged by other facts found and the entire record, must necessarily have been against appellant, afford no ground for reversal of the judgment.

[4] ID.—CONFLICT—CONSTRUCTION.—Findings are to be read and considered together and, if possible, are to be reconciled so as to prevent any conflict on material points; and unless the conflict is clear and the findings incapable of being harmoniously construed, the judgment will not be reversed on the ground of a conflict in the findings.

[5] ID. — SEPARATE STATEMENT OF FACTS AND LAW. — The statutory provision that the facts found and the conclusions of law must be separately stated is merely directory.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clark & Law and J. D. Taggart for Appellant.

J. L. Murphy for Respondent.

HOUSER, J.—Appellant Drollinger complains of many things in connection with the judgment of the lower court—his first contention being that his general demurrer to plaintiff's complaint was overruled when it should have been sustained. He bases that conclusion on the premise that plaintiff intended to set up an alleged cause of action in claim and delivery, and he points out that in such an action possession in the defendant of the subject matter is both a proper as well as a necessary allegation in the complaint—which allegation, it is conceded by plaintiff, is altogether lacking. But plaintiff states in effect that he had no intention of setting up a claim and delivery action; that all he attempted to do, and in fact all he did, was to conform to the code rule of making "a statement of the facts constituting the cause of action in ordinary and concise language," together with a demand for the relief which he is claimed.

The only question, then, for this court to consider in that connection is whether the complaint states facts sufficient to constitute a cause of action as against appellant Drollinger. So far as defendant Drollinger is concerned (outside of certain admitted facts to be hereinafter noted), the facts appearing in the complaint which affect him in the action, although stated in a somewhat involved manner, cover substantially the following allegations: Defendant Dawson made certain representations to plaintiff by which plaintiff was induced to and did enter into a contract with defendant Drollinger by which plaintiff was to purchase from Drollinger, and Drollinger was to sell to plaintiff a certain auto-truck on installments; that in pursuance of the terms of this agreement plaintiff paid to Drollinger personally or for his use and benefit a certain sum of money; that without the previous knowledge or consent of plaintiff and before the last payment was to be made under said agreement, defendant

Drollinger received from one Nora Dawson the sum of $188.25, which was the amount that would shortly thereafter become due to defendant Drollinger from plaintiff on account of the purchase of said truck under the terms of said agreement, and thereupon, instead of delivering the truck to plaintiff, defendant Drollinger delivered the truck to said Nora Dawson, who immediately sold it to defendant Bedford; that plaintiff thereafter made tender to defendant Drollinger of all moneys to be paid by him to Drollinger under the terms of said agreement and demanded possession of the truck from each of the defendants, which was by each of them refused. Plaintiff's prayer covers a considerable territory, but he finally prays for general relief. **[1]** Where an answer is filed in a case, even where there are many defendants, the plaintiff's relief is not limited as to any given defendant either to what he has asked for in his prayer for relief as against such defendant, or as to either or all the other defendants. Such relief may be granted to any party to the action as may be justified by the facts of the case, provided such facts are embraced within the issues. (Sec. 580, Code Civ. Proc.; *Tyler* v. *Mayre,* 95 Cal. 169 [26 Pac. 160, 30 Pac. 196]; *Murphy* v. *Stelling,* 8 Cal. App. 707 [97 Pac. 672]; *Hoffman* v. *Kirby,* 136 Cal. 29 [68 Pac. 321].)

**[2]** The record on this appeal shows that both defendant Drollinger and his counsel thoroughly understood the issues involved in the action and were fully prepared to meet them at the time of trial. Hence, although the allegations of the complaint might have been more direct and more certain, defendant Drollinger was in nowise prejudiced by reason of the manner in which the complaint was drawn. Moreover, section 4½ of article VI of the California constitution provides in effect, so far as this particular point is concerned, that "no judgment shall be set aside, . . . for any error as to any matter of pleading, . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." From an inspection of the complaint and from the reporter's transcript on appeal, as well as from the other papers in the record herein, it would appear that defendant Drollinger was in no manner misled to his prejudice by reason of the state of the pleadings. On the contrary, the case was tried, so far as Drollinger was

concerned, openly and avowedly on the issues covered by allegations in effect and substance as herein set forth, and therefore from an examination of the entire cause, including the evidence, the court is unable to discover any miscarriage of justice as a result of any error as to any matter of pleading in the case.

Following appellant's brief, his next specification of error relates to a finding. Appellant states in his specification that plaintiff should not be permitted to recover if he rest his case in equity, because plaintiff knew that there was serious trouble between Dawson and his wife Nora, and that plaintiff had no right to rely upon Dawson's statement that his wife Nora had abandoned a prior agreement to purchase the truck and had returned it to Drollinger. The gist of that allegation was set up in the complaint; it was not denied by the answer of Drollinger, as will appear by appellant's specification in his opening brief, that the complaint alleges "that he [Dawson] and his wife at the time were having marital difficulties which were being considered in the court, and that she had abandoned the agreement to purchase the truck and had returned it to Drollinger. These allegations are not denied by the answer of Drollinger." Irrespective of any prior rights or interests which Mrs. Dawson may have had or claimed in the truck, she had therefore abandoned same, according to Drollinger's admissions, at the time when plaintiff made his contract with Drollinger with reference to the truck. Moreover, on this particular point, the court found: "That said defendant Charles J. Dawson represented to the plaintiff that the defendant Nora Dawson had no right, title, or interest therein [referring to the truck], and that plaintiff at the times he paid the moneys hereinafter set forth had no notice or knowledge of any claim of the said defendant Nora Dawson to said truck or any interest therein, and that plaintiff paid and advanced the moneys hereinafter set forth in good faith and without notice or knowledge of any claim or interest of the defendant Nora Dawson in said truck." It would therefore clearly appear that both by the pleadings and by the findings appellant is concluded in regard to his contention that the plaintiff is without equity.

The other alleged errors of which appellant complains relate, first, to the failure of the court to find on certain issues; or,

secondly, that some of the findings made by the court are on immaterial issues or that they are outside the issues; or, thirdly, that conclusions of law are placed among certain findings of fact.

On the material allegations of the complaint as herein set forth, the court found that the representations referred to in the complaint were made by Dawson to plaintiff, and the findings show, among other things: "That on or about the seventeenth day of May, 1920, the said defendant Charles J. Dawson interviewed the defendant Drollinger and represented to the said defendant Drollinger that he could obtain the balance of the purchase price which remained unpaid under the said contract from the plaintiff, and that the plaintiff would take title to the said truck to secure the advances that he had and would make to purchase the said truck and hold the same for the use and benefit of the said defendant Charles J. Dawson, and that the said Charles J. Dawson produced the plaintiff to carry out the said agreement, and that it was then and there agreed between the plaintiff and the defendant Drollinger that plaintiff should pay to the said Drollinger the sum of two hundred fifty ($250) dollars cash, and the sum of one hundred ($100) dollars on or before the first day of June, 1920, and the sum of about one hundred eighty-eight ($188) dollars, the balance of the purchase price, on or before thirty days thereafter, and that the said Drollinger agreed to hold possession of the said truck and to deliver the same to the plaintiff, provided that the plaintiff would make the said payments within the said time, and that said Drollinger then and there declared that he had the right to sell said truck and that the said Dawsons had no right therein as against him, and at the same time that the said Drollinger; contemporaneous with the said payment of two hundred fifty ($250) dollars, agreed with the plaintiff that he would hold the possession of the said truck and deliver it to the plaintiff, provided the plaintiff would pay to him the balance of the said purchase price in monthly installments. That plaintiff then and there, relying upon the said statements of the said Drollinger, and upon the agreement he had made with the said defendant Charles J. Dawson, and on the nineteenth day of May, 1920, paid to the defendant Drollinger the sum of two hundred fifty ($250) dollars cash, and on the first day of June, 1920,

paid the sum of one hundred ($100) dollars, and that the plaintiff, within the said time provided for the payment, tendered to the said Drollinger the sum of one hundred eighty-eight and 25/100 dollars ($188.25), the balance which remained due after the last payment of the sum of one hundred ($100) dollars. That the said defendant Drollinger refused to receive the said sum and refused to deliver the said truck to the plaintiff on the ground that he had delivered the same to the defendant Nora Dawson."

It is further found "that the said Charles J. Dawson paid to the said defendant S. C. Drollinger the sum of one hundred one and 65/100 dollars ($101.65) of the plaintiff's money on or about April 13, 1920, and that the defendant Drollinger had notice that the said sum was paid on the purchase price by the plaintiff."

Further findings by the court included the facts "that the defendant Nora Dawson, prior to the time when said $188.25 became due under the said contract, voluntarily paid the said amount to the said defendant Drollinger and received possession of the said truck from him; that said payment by the said defendant Nora Dawson was without any request or knowledge on the part of plaintiff or of the defendant Charles J. Dawson, and that she obtained the possession of the said truck upon said payment without the consent of the plaintiff or the said defendant Charles J. Dawson and without the knowledge of either of them, and that she, after receiving the possession of the said truck, immediately sold and delivered the same to the defendant Henry Bedford."

It will therefore be seen that each of the material allegations of the complaint affecting plaintiff's right to recover as against defendant Drollinger is substantially covered by the findings of the court and that judgment was given in plaintiff's favor as against defendant Drollinger in the sum of $451.65, which amount was within the allegations of the complaint.

Specifically, appellant complains that there was no finding on the issue of conspiracy; on the fictitious sale of the truck by Mrs. Dawson to Bedford, as well as to Bedford's use of the truck; and that Nora Dawson defaulted on a prior purchase contract of the truck. Appellant also complains that certain facts were found by the court which were not embraced within the issues; for example, that plaintiff paid to

Dawson for Drollinger's use and benefit $101.65. But assuming that to be true, it is merely evidentiary of payment to Drollinger himself and would be included within a general allegation of so much money paid by plaintiff to Drollinger. As to the objections that there was no finding on the issue of whether any contract was made between plaintiff and Drollinger, or on the issue of conspiracy, or on the issue of the fictitious sale of the truck by Mrs. Dawson to Bedford, each of such findings is immaterial to plaintiff's case as against defendant Drollinger. He is not and cannot be interested in them, nor in anywise harmed by such immaterial findings. The case against him is complete without them. They might just as well have been omitted as far as he is concerned; and it follows that, being in, they are of no effect as producing any results either for or against Drollinger. **[3]** It is well settled that findings on immaterial facts, although erroneous, are not sufficient to disturb a judgment. (*Klockenbaum* v. *Pierson,* 22 Cal 160; *Dougherty* v. *Coffin,* 69 Cal. 454 [10 Pac. 672]; *Sherman* v. *Sandell,* 106 Cal. 373 [39 Pac. 797]; *Collins* v. *Gray,* 154 Cal. 135 [97 Pac. 142]; and there are many other California cases to the same effect.) The cases are also numerous and without apparent conflict which hold that a failure by the court to find on an immaterial issue or on an issue which, as judged by other facts found and the entire record, must necessarily have been against appellant. afford no ground for reversal of the judgment.

The complaint by appellant that there was no finding on the issue of whether any contract was made between the plaintiff and Drollinger, and that said Drollinger then and there declared that he had the right to sell the said truck, and that the said Dawsons had no right therein as against him, must be completely disposed of by an examination of the findings as hereinbefore set forth.

As to the other findings to which appellant takes exception, he says that the court by its findings created a new and independent form of contract which is in no way set out in the complaint; but a glance at the record will show that the only substantial difference between the complaint and the findings in that regard rests in the amount which the court found was paid by plaintiff to Drollinger as being $451.65, as against the amount alleged in the complaint as having been a considerably greater sum. Appellant also

complains of what are termed inconsistencies in the findings; but if there are any inconsistencies they are of no moment and certainly not such as would justify a reversal of the judgment on that ground. [4] Findings are to be read and considered together and, if possible, are to be reconciled so as to prevent any conflict on material points; and unless the conflict is clear and the findings incapable of being harmoniously construed, the judgment will not be reversed on the ground of a conflict in the findings. (Syllabus, *Haight* v. *Haight,* 151 Cal. 90 [90 Pac. 197].) [5] The same thing is true of the findings which, instead of being strictly confined to matters of fact, state conclusions of law; for example, one of the findings is to the effect that the delivery of the truck by Drollinger to Nora Dawson "was a wrongful delivery as to plaintiff"; and another finding is "that at the time said defendant Drollinger delivered said truck to said defendant Nora Dawson she had no right, title, or interest therein against plaintiff. The statutory provision that the facts found and the conclusions of law must be separately stated has been repeatedly held to be merely directory. (*Butler* v. *Agnew,* 9 Cal. App. 330 [99 Pac. 395]; *Spencer* v. *Duncan,* 107 Cal. 426 [40 Pac. 549]; *McKelvey* v. *Wagy,* 157 Cal. 409 [108 Pac. 268]; *In re Bullard's Estate,* 3 Cal. Unrep. 688 [31 Pac. 1119].)

Having noticed all of the alleged errors arising on the trial and it conclusively appearing that appellant Drollinger has not been substantially prejudiced by them or by any of them, it is ordered that the judgment as against S. C. Drollinger be and the same is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 26, 1923.

All the Justices concurred.