[Civ. No. 8138. Second Appellate District, Division Two.—May 25, 1934.]

E. G. OTIS, Respondent, v. WINTER INVESTMENT COMPANY (a Corporation), Appellant.

Lucien Gray and Kibbey & Cooper for Appellant.

Meserve, Mumper, Hughes & Robertson and E. Avery Crary, for Respondent.

CRAIG, J.—In an action for commissions of a broker alleged to have been collected by defendant after the parties had been brought together, judgment was rendered in favor of plaintiff, from which the defendant appeals.

It is contended that the findings of fact are not supported by the evidence, and that certain thereof were erroneously placed among and denominated as conclusions of law. It appeared that in the spring of 1928 the plaintiff was interested in obtaining a loan for a client, the Pacific National Building Company, in whose bank he had for some time been a depositor; that he negotiated with and enlisted the services of defendant in an effort to obtain the same from the New York Life Insurance Company. Following numerous and frequent conferences a complete understanding and agreement was concluded as to the principal amount, the rate of interest, amortization schedules, etc. The plaintiff was assured that he would be paid and would receive upon consummation of the loan one-third of the amount of commission collected by said company, or the same proportion as that allowed to its agents. After inspections and appraisals of the property the prospective lender declined to make a loan of the nature then required to remove a large bond issue existing thereon. During a period of about two years the borrower's efforts to refinance the obligation by other means were not consummated, but said bond issue was during such interim materially reduced. During all of said time the plaintiff was in frequent touch with the borrower or its officers, and made numerous inquiries almost weekly as to whether a loan could be effected or anything new had developed, to which he received a negative reply. However, it appeared that in the month of May, 1930, the defendant had received advice from the insurance company that a loan based upon the then existing conditions might be effected, had so communicated to the borrower, received its application therefor and had consummated the same. Although the plaintiff visited the offices of the Pacific National Bank at least three times a week and inquired about the matter, he was not informed until

afterwards of the completion of the transaction. A demand for a settlement and accounting was then refused.

■ Although their evidence was in some respects conflicting, witnesses called by the plaintiff under section 2055 of the Code of Civil Procedure confirmed generally all that the plaintiff testified to, under the allegations of his complaint. Authorities denying compensation to brokers who had failed to bring borrowers and lenders together are not helpful in determining the question presented. It was admitted by officers of defendant corporation that they knew nothing· of the need or desire for financing on the part of the Pacific National Building Company until mentioned by the plaintiff. The suggestion that there had been an abandonment of the transaction by the broker is not warranted by the record before us. Nor is there evidence of an intention to revoke the agency of respondent or of his authorization of appellant to act without him. In fact, as observed, he constantly requested information as to their success in behalf of said specific loan. ''Ordinarily, so long as the purpose of the agency has not been fulfilled, as originally contemplated, the agent's powers continue, unless he has definitely and finally failed in his attempt to accomplish that purpose.'' (*Smith* v. *Davis*, 67 Colo. 128 [186 Pac. 519]; 2 Cor. Jur., Agency, sec. 147.) It nowhere appears that such assumption was overcome by evidence of a repudiation by the principal, the Pacific National Building Company, or either of its brokers, or the termination of appellant's agency for respondent or its right to deny liability for his share of the joint commission received by it from the principal. This would be unwarranted without such showing or evidence of the respondent's intention to abandon the transaction in favor of his coagent. No authority cited by the appellant relating to the relationship between principal and agent aids its contention, in effect, that the consummation by one of two agents or brokers, jointly interested, may deprive the other of agreed compensation for initiation of the transaction. ■ The statutory provisions regarding a separate statement of findings of fact and conclusions of law has repeatedly been held merely directory. (*Faure* v. *Drollinger,* 60 Cal. App. 594 [213 Pac. 724].) It must

therefore be held that said findings are not prejudiciously erroneous, as contended.

The judgment is affirmed.

Desmond, J., concurred.

STEPHENS, P. J., Concurring.—I concur. The intention of the parties is the difficult question in this case, and this intention could best be determined by the judge who tried the case.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1934.