[Civ. No. 11639.   First Appellate District, Division Two.—March 10, 1941.]

In the Matter of the Estate of HARRY PETER BRAIG, Deceased.   BERTHA R. WHITTENBERG et al., Appellants, v. HELENE MUELLER et al., Respondents.

Van A. Neher, James E. Colston, Richard C. O'Connor, Charles F. Jonas, W. A. Brandenburger and William J. White for Appellants.

Bradford, Cross & Prior for Respondents.

SPENCE, J.—In a proceeding to determine heirship, the trial court directed a verdict against appellants and in favor

of respondents and judgment was entered accordingly. Appellants appeal from said judgment.

The deceased was a former lieutenant on the San Francisco police force. He died in 1937 leaving neither wife nor issue. He was originally known as Harry Peter Breig and later changed the spelling of his last name to Braig. It was conceded by all that his mother was Helena Breig, formerly Helena Boehm. Respondents claimed that they were the maternal first cousins of the deceased. Appellants claimed that the deceased was the son of John Breig and Helena Breig and that appellants were the paternal nieces and nephew of the deceased. There appears to be no conflict in the evidence with respect to certain relationships, that is to say, the relationship of respondents to Helena Breig and the relationship of appellants to John Breig. It is further undisputed that John Breig and Helena Breig were husband and wife for many years and that they were divorced in 1882. The main subject in dispute is whether the deceased was the son of John Breig.

It is difficult to determine from the evidence the exact date of the birth of the deceased. The parties seem agreed that he was born around 1870 but no record, public or private, or other evidence was produced to establish definitely the exact date. If he was born in San Francisco, as claimed by appellants, no public record of the birth was available.

In support of the claim that the deceased was the son of John Breig and Helena Breig, appellants produced numerous witnesses to give testimony concerning the history of the family and to establish the pedigree of the deceased through testimony of common reputation in the family as evidenced by the acts and declarations of the members of the family. (Code of Civil Procedure, sections 1852 and 1870, subdivisions 4 and 11.) In determining the propriety of the trial court's order directing a verdict in favor of respondents, we must view this evidence in the light most favorable to appellants and when so viewed, the following facts appear.

John Breig was a German immigrant who established himself in San Francisco as a soda water manufacturer in the early 1860's. His first wife was Caroline Breig by whom he had three children: Edward Breig, Amelia Breig and Theresa Breig. Edward was the father of appellant Emma S. Durr. Amelia was the mother of appellants Bertha R.

Whittenberg and George Grover Roemer. Both Edward and Amelia predeceased Harry Braig. Theresa predeceased Harry Braig leaving no issue.

In the late 1860's, Caroline Breig became ill and John Breig engaged Helena Boehm, then a young German girl, as a domestic and nurse. Caroline Breig lived for a few years thereafter but she became progressively worse and was mentally unbalanced. During said illness of Caroline Breig and during said employment of Helena Boehm in the household, said Helena Boehm gave birth to Harry, the deceased. Helena Boehm was unable to nurse said child and John Breig induced one of his friends, who had given birth to a child at about the same time, to nurse the infant. Said friend did so over the objections of her own husband and there ensued domestic difficulties in that family as a result. John Breig offered to pay said friend for such nursing. She refused such payment but she did thereafter accept gifts, consisting of a brooch and earrings, given to her by John Breig, in appreciation for what she had done. John Breig referred to said child as his child, gave him the name of Harry Breig and raised him as his own along with his other children. After Caroline had died, John Breig married Helena Boehm and the family lived together in San Francisco until 1882. At that time Helena Breig left the home of John Breig, taking her son Harry Breig, and thereafter she obtained a divorce from John Breig. There was evidence of declarations of relatives, since deceased, to the effect that Harry Breig was the son of John Breig and Helena Breig, born out of wedlock prior to their marriage. There was also abundant evidence to show that the other children of John Breig commonly referred to Harry as their brother or half-brother and that they commonly referred to him, in speaking to appellants, as appellants' "Uncle Harry". The testimony might be set forth at greater length and in greater detail but we deem it unnecessary to do so for the purpose of this discussion.

■ Appellants contend that the trial court erred in directing a verdict in favor of respondents and in our opinion this contention must be sustained. The rules governing the trial court in passing upon a motion for a directed verdict are well settled (*Estate of Flood*, 217 Cal. 763 [21 Pac. (2d) 579]; *Estate of Lances*, 216 Cal. 397 [14 Pac. (2d) 768]),

and if there is any evidence in the record of sufficient substantiality to support a verdict in favor of the party against whom the motion is directed, the motion should be denied.

■ The difficulty of proving pedigree without the aid of public records has long been recognized. The law has therefore made provision for the proof of pedigree under certain circumstances by evidence of common reputation in the family as shown by the acts and declarations of the members of the family. (Code of Civil Procedure, sections 1852 and 1870, subds. 4 and 11.) Such evidence is often the only evidence which is available and it is held to be substantial evidence which will support a verdict in favor of one relying thereon. (*Estate of Flood, supra; Estate of Hartman,* 157 Cal. 206 [107 Pac. 105, 21 Ann. Cas. 1302, 36 L. R. A. (N. S.) 530] ; *Estate of Heaton,* 135 Cal. 385 [67 Pac. 321] ; *Estate of Williams,* 128 Cal. 552 [61 Pac. 670, 79 Am. St. Rep. 67] ; *Estate of Barton,* 16 Cal. App. (2d) 246 [60 Pac. (2d) 471] ; *Estate of Clark,* 13 Cal. App. 786 [110 Pac. 828].) Our review of the record convinces us that there was substantial evidence as above indicated to support a verdict in favor of appellants and that it was therefore error to direct a verdict against them.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 8, 1941.