[Civ. No. 2629.   Fourth Appellate District.—March 27, 1941.]

NEW YORK LIFE INSURANCE COMPANY (a Corporation), Plaintiff, v. OCCIDENTAL PETROLEUM CORPORATION (a Corporation), Respondent; LEAL GARBETT, Appellant.

H. Sidney Laughlin for Appellant.

Overton, Lyman & Plumb, Cecil A. Borden and Kenyon F. Lee for Respondents.

MARKS, J.—This is an action in interpleader in which the New York Life Insurance Company sought to have determined which of two adverse claimants, Occidental Petroleum Corporation or Leal Garbett, were entitled to the benefits of two insurance policies on the life of Leonard Garbett. The trial court awarded the money to the Occidental Petroleum Corporation and Mrs. Garbett has appealed from the judgment.

The appeal is on the judgment roll. We must assume that all findings of fact were supported by ample evidence. Certain findings of fact were mistakenly placed in the conclusions of law but this does not detract from their efficacy as findings.

The following facts are gleaned from the findings: Leonard and Leal Garbett were husband and wife at all times material here and up to the time of the death of Leonard on August 2, 1937. On May 14, 1919, and on April 24, 1924, the New York Life Insurance Company issued its insurance policies on the life of Leonard Garbett, with Leal Garbett as beneficiary.

On April 30, 1930, and for a number of years prior thereto, Leonard Garbett was secretary and member of the board of directors of the Occidental Petroleum Corporation; on that day he was indebted to that company in a sum in excess of $90,000 which he had "embezzled and misappropriated" from the funds of the company; the embezzlement was discovered on April 30, 1930; on May 2, 1930, Leonard and Leal Garbett, for the purpose of liquidating the indebtedness of Leonard Garbett, assigned the policies to the Occidental Petroleum Corporation.

On May 14, 1930, as part of the same transaction, the Occidental Petroleum Corporation entered into a contract in

writing with Leonard and Leal Garbett wherein they acknowledged the indebtedness and jointly and severally promised to pay it with interest at the rate of five and one-half per cent per annum, guaranteed the validity and sufficiency of the assignments of the insurance policies and covenanted that they would warrant and defend the title of the Occidental Petroleum Corporation as assignee thereof and to all proceeds and benefits therefrom. Leonard and Leal Garbett promised to pay all of the premiums on the policies and to keep them in full force and effect for the benefit of the Occidental Petroleum Corporation. They failed to do this after 1931, and, to keep the policies in effect, the Occidental Petroleum Corporation paid all premiums on the policies after that date, together with interest on the indebtedness of Garbett secured by the policies. This was done with the knowledge of Leal Garbett and without any reimbursement by her. She made no claim of any kind to any interest in the policies after May 2, 1930, and gave no notice of her repudiation of her assignment thereof until about May 18, 1937, after the death of her husband.

In response to affirmative allegations in the answer of Leal Garbett setting up that the assignments were secured from her by fraud, undue influence, threats and menace, and under a contract void as against public policy, the trial court found:

"That it is not true that the instruments hereinbefore referred to, to-wit, the assignments of said policies and the agreement of May 14, 1930, or any of them, were executed and delivered, or executed or delivered, by reason of the undue influence and menace, or undue influence or menace, exercised upon defendant Leal Tedford Garbett and the said Leonard Garbett, or either of them, by said Occidental Petroleum Corporation, and/or upon the agreement of Occidental Petroleum Corporation not to prosecute said Leonard Garbett for the crime of embezzlement, as alleged in defendant Leal Tedford Garbett's first amended answer, or otherwise, or at all."

The trial court further found that Leonard Garbett told Leal Garbett that he had been informed by Occidental Petroleum Corporation, and the then Garbett's attorney also told her that he had been informed by the then attorney for the Occidental Petroleum Corporation that if these

assignments and others were not made, Leonard Garbett would be prosecuted for his embezzlements, but if they were made, such prosecutions would be suppressed.

The trial court also found "that, notwithstanding said statements to the defendant Leal Tedford Garbett they were not known or authorized to be made by Occidental Petroleum Corporation and it is not a fact that the defendant Occidental Petroleum Corporation insisted and demanded, or insisted or demanded of said Leonard Garbett and the defendant Leal Tedford Garbett, or either of them, the conveyances or assignments, or the execution of the agreement of May 14th, hereinbefore in these findings referred to, or any of them, but to the contrary the said Leonard Garbett voluntarily, without any inducement whatever on the part of the Occidental Petroleum Corporation, volunteered and agreed that he would execute said documents and obtain the execution thereof by the defendant Leal Tedford Garbett for the sole purpose of liquidating the indebtedness which he then and there acknowledged to exist in favor of the Occidental Petroleum Corporation. Nor is it true that the Occidental Petroleum Corporation threatened that it would, unless Leonard Garbett conveyed, transferred and assigned said property and unless the defendant Leal Tedford Garbett joined therein, or otherwise, take the necessary steps to cause Leonard Garbett to be incarcerated in the penitentiary, or made any other threat. Nor is it true that said Occidental Petroleum Corporation, by and through its attorney Kenyon F. Lee, or otherwise, stated or promised that if the said Leonard Garbett and the defendant Leal Tedford Garbett executed said documents, it would not prosecute, and would suppress the prosecution of said Leonard Garbett for said embezzlement. . . . That it is not true that the prosecution of said Leonard Garbett for embezzlement and/or any other crime was by said Occidental Petroleum Corporation suppressed, though it is true that said Leonard Garbett was never prosecuted for said crime."

The trial court further found that, about the 2d day of August, 1937, Leal Garbett notified the New York Life Insurance Company and the Occidental Petroleum Corporation of her rescission of the assignment of the policies and the contract of May 14, 1930, but that she had no legal right to rescind them and that her notice of rescission was ineffective.

The trial court further found facts sufficient to support the plea of estoppel and drew the conclusion of law from those facts that Leal Garbett was estopped from rescinding either the assignments or the contract. It also found that her claim was barred by the provisions of subdivision four of section 338 of the Code of Civil Procedure. This finding was misplaced in the conclusions of law.

As we have already observed, we must assume that each material finding was supported by substantial evidence in the absence of a bill of exceptions or a transcript of the evidence.

Mrs. Garbett argues that subdivision 27 of section 1963 of the Code of Civil Procedure which establishes as a disputable presumption ''that acquiescence followed from a belief that the thing acquiesced in was conformable to the right or fact'' is controlling here as she acquiesced in the statements of her husband and her attorney that if the assignments were not made her husband would be sent to the penitentiary but if they were made the fact of the crime would be suppressed.

This provision has been applied where one interested party acquiesced in the statement of the other interested party who assumed an adverse position. (*In re Clark,* 13 Cal. App. 786 [110 Pac. 828]; *Estate of Flood,* 217 Cal. 763 [21 Pac. (2d) 579].) In so far as we can discover, it has not been applied in a case like the one we have here where the person claiming the acquiescence, acquiesced, not in the statements of an adverse party, but in the statements of her husband, who was jointly interested with her, and of their attorney who was their agent, the adverse party having no notice or knowledge that such statements had been made. The presumption could not arise under these circumstances. It would be as logical to argue that the presumption would arise in a case where a party acquiesced in her own statements which were not communicated to the other party.

The trial court found that none of the statements relied upon by Mrs. Garbett had been authorized or made by the Occidental Petroleum Corporation and that it had no knowledge of their having been made to her. This is in effect a finding that they were not made by its attorney, for a principal is charged with knowledge of the facts known by its agent and by his acts within the scope of his authority.

The findings resolve every factual issue presented by Mrs. Garbett against her and are decisive of the appeal. As they support the judgment it cannot be disturbed here.

■ Section 1689 of the Civil Code provides in effect that a party to a contract may rescind if the consent of that party or of any party jointly contracting with him "was given by mistake, or obtained through duress, menace, fraud or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party. . . . " This section, under the findings, which negative any duress, menace, fraud or undue influence on the part of Occidental Petroleum Corporation, effectually disposes of Mrs. Garbett's contention that she could rescind the assignments and the contract of May 14, 1930.

■ Further, the conclusion of estoppel is amply supported by the findings. Mr. and Mrs. Garbett promised to pay the premiums on the two insurance policies. They paid no premiums after 1931. In order to keep the policies in force Occidental Petroleum Corporation thereafter paid the premiums (one amounted to $465 per annum) until the death of Leonard Garbett on April 23, 1937. Knowing that it was paying these premiums, Mrs. Garbett stood by and did nothing until after the death of her husband. Even then she did nothing to reimburse Occidental Petroleum Corporation for the premiums it had paid. These facts bring the case clearly within the following provisions of subdivision 3 of section 1962 of the Code of Civil Procedure:

"Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it." (See *Verdugo Cañon Water Co.* v. *Verdugo,* 152 Cal. 655 [93 Pac. 1021].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1941. Shenk, J., and Edmonds, J., did not participate herein.