[No. 15226.   Department One.—June 4, 1895.]

REBECCA SPENCER, RESPONDENT, v. WILLIAM L.
DUNCAN, APPELLANT.

FINDINGS—STATUTE OF LIMITATIONS—ACCOUNTING—DEMAND.—In an action
for an accounting of trust funds, in which the complaint averred a
demand upon the defendant before suit brought, which allegation was
admitted by the answer, a finding against the defendant's plea of the
statute of limitations need not find the date of such demand.

ID.—DECISION — FINDINGS OF FACT — CONCLUSION OF LAW—JUDGMENT.—
Where, in such an action, the decision of the trial court, in its findings
of facts, specifically finds the trust relation under which the money was
obtained, a judgment entered thereon, decreeing that the money was
held in trust, and ordering the same paid to the plaintiff, will not be
reversed merely because the decision contained no express "conclusion
of law" as to such trust relation.

ID.—ERRONEOUS CONCLUSION OF LAW.—An erroneous conclusion of law is
not ground of reversal if the judgment is right.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*W. C. Burnett,* and *Estee, Fitzgerald & Miller,* for Appellant.

*George M. Spencer,* and *Bull & Cleary,* for Respondent.

SEARLS, C.—This is an action to compel the defendant to account for and pay certain moneys alleged to have been received by him and held in trust for the plaintiff.

The cause was tried by the court, written findings filed establishing the trust relation, and finding that there was due to plaintiff the sum of $1,071.85, with interest at seven per cent per annum from May 1, 1870, for which sum judgment was entered in favor of plaintiff. Defendant appeals from the judgment, and the cause comes up on the judgment-roll.

Two errors are assigned by appellant.

1. That the findings do not fix the precise time when plaintiff made demand for return of the moneys, and, in the absence of such a finding, it cannot be ascertained whether the cause of action is barred by the statute of limitations or not. Hence, that the judgment is not supported by the findings.

The complaint averred a demand upon defendant before suit brought, and the answer admitted such demand. So far, therefore, as a demand was a prerequisite to maintaining the action, it was not necessary to prove or find that a demand was made, it not being an issue in the case.

The statute of limitations was pleaded, and became an issue in the case, and there was an express finding thereon against the defendant.

That a demand was made, and the date thereof may have been evidence going to such issue, but it was not

an ultimate fact to be found by the court, but may well have been an evidentiary fact going to establish the ultimate fact.

2. The second error assigned is to the effect that all of the judgment, save and except that portion awarding plaintiff $2,678.73 and costs, is outside of and beyond the findings, and hence that the judgment should be modified by eliminating the same therefrom.

The portion of the judgment challenged is as follows: " Wherefore, by reason of the law and the findings aforesaid, it is ordered, adjudged, and decreed that W. L. Duncan, the defendant, holds in trust for Rebecca Spencer, the plaintiff, the sum of $2,678.73, and that said W. L. Duncan, the defendant, is hereby ordered, adjudged, and decreed to account to and turn over to said Rebecca Spencer, the plaintiff, the possession of said sum of money, to wit: Twenty-six hundred seventy-eight and 73-100 dollars, and that Rebecca Spencer, the plaintiff, have judgment therefor against the defendant, W. L. Duncan," etc.

It is essential to a correct understanding of the point involved to say that the court found that the defendant, W. L. Duncan, admitted to plaintiff that he received the money from the hands of W. T. Lucky, in trust for and for the sole use and benefit of the plaintiff, and promised plaintiff that he would account for thereafter, and pay over to her the said sum; that the parties then agreed that the defendant should then presently pay over to plaintiff a portion of said sum, and might retain in his hands the balance of said sum of $2,160 in trust for the plaintiff, etc.

Following the facts as found by the court, and which are regarded as amply sufficient to support the judgment, is the conclusion of law which is as follows:

" The plaintiff is entitled to recover of the defendant the sum of one thousand and seventy-one dollars and eighty-five cents ($1,071.85), with interest thereon at the rate of seven per cent per annum from the first day of the month of May, 1870, hitherto, together with the

costs of this action, and judgment must be entered accordingly."

The contention of appellant is that, under this conclusion of law, it was the duty of the clerk to have entered an ordinary money judgment in favor of plaintiff for the sum specified, and that when the judge of the court below went beyond the conclusion of law which he had framed as the measure of plaintiff's relief, and signed a decree adjudging that the defendant is a trustee of plaintiff, and decreeing him to account to and turn over to plaintiff the possession of said money, etc., he transcended his authority, etc.

Section 633 of the Code of Civil Procedure provides that, "in giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly."

It is fair to assume that the object of the legislature in adopting section 633 was twofold: 1. To preclude the trial court from mingling together questions of fact and law arising in the case, in order that the facts, as presented in the findings, may contain all the essential attributes of a special verdict, to the end that the proper application of the legal principles to the case may be investigated independent of the facts; and, 2. That the conclusions of law may serve as directory to the clerk in entering judgment upon the facts as found.

If there are any other objects contemplated by the statute in question they are not readily discernible.

The tenor of the decisions of this court is to the effect that the provision, so far as it applies to the "conclusions of law," is directory. It has been held that an erroneous "conclusion of law" constitutes no cause for reversal, if the judgment was right. (*Helm* v. *Dumars*, 3 Cal. 454; *Bleven* v. *Freer*, 10 Cal. 172; *Haffley* v. *Maier*, 13 Cal. 14.)

In the last-mentioned case Baldwin, J., said: "The judgment was right on the undisputed facts, though a wrong reason was given for it. But we do not reverse for what we regard as bad logic, but for what we con-

sider bad law." *Kidd* v. *Temple,* 22 Cal. 255, is to like effect.

In *Davis* v. *Baugh,* 59 Cal. 576, a reversal was urged because "the findings and conclusions of the court are inconsistent with each other." McKinstry, J., in deciding the case, held the following language: " Where some of the conclusions of law in a decision are not properly drawn from the facts found this is no ground for reversing the judgment, if the ultimate conclusion upon which the judgment rests is not erroneous in view of the facts found," etc.

Hayne, at section 243 of his work on New Trials, after citing the above authorities, adds: " It follows from these decisions that the conclusions of law which are ordinarily appended to findings are unnecessary, and if so they had better be omitted. The only useful purpose which ' conclusions of law' serve is to inform the clerk as to what judgment is to be entered."

In *Miller* v. *Hicken,* 92 Cal. 229, McFarland, J., says: " The evidence was sufficient to support the findings, and we see no *want* of a finding of a necessary or material fact. It is objected that the court did not find in terms that the defendants and intervenor had not ' constructive' notice of plaintiff's mortgage, but that followed from the facts found, and it is immaterial that the court did not make an express ' conclusion of law' to that effect."

In the present case every fact was found essential to support the decree in the form and to the extent of its adjudication, as it was signed and entered by the court.

Under such circumstances the omission in the " conclusion of law" to declare that a decree adjudging the defendant to be a trustee should be entered, when the facts as found clearly set forth his fiduciary relation, was of no moment.

If, however, it be conceded that it was error not to find all the "conclusions of law" deducible from the facts as found, what follows? Simply that an error of

omission occurred which was corrected by the final decree.

It is a well-settled principle that intermediate errors will not *avail* where the final conclusion is right. The same principle has been repeatedly expressed by this court when it has been said, in substance, that a judgment which is right will not be reversed because a wrong reason has been given for its rendition.

The judgment appealed from should be affirmed.

BRITT, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.