[Civ. No. 420. Second Appellate District.—November 12, 1908.]

# A. C. BUTLER, Appellant, v. MARY C. AGNEW, and ELIAS N. AGNEW, Respondents.

ACTION FOR ACCOUNTING—ILLEGAL CONTRACT BY AGENT OF VENDOR FOR HALF INTEREST WITH PURCHASER NOT ENFORCEABLE.—In an action for an accounting of the net profits of a half interest in land held in defendant's name and sold and converted to defendant's use, in which it appears that the land was sold to such defendant by the trustees of an estate who had employed plaintiff as their agent to effect the sale and paid him a commission therefor, and that a secret written contract was made between the agent and purchaser, that the sale was for their joint benefit, and that the purchaser, after obtaining the deed, was to convey a half interest to the agent, who agreed to divide commissions with the purchaser—*held*, that such contract is illegal and void as against public policy, and cannot be enforced by the agent against the purchaser.

ID.—FINDINGS AGAINST PLAINTIFF—AGREEMENT TO SHARE COMMISSIONS. Where the findings were against the plaintiff, and included the agreement to share commissions, such agreement, being part of the illegal contract, cannot be eliminated from the findings on the ground that it has no probative force on the question of its validity. Every part of the contract is to be considered in determining that question.

ID.—CONCLUSIONS OF LAW IN FINDINGS OF FACT—DIRECTORY STATUTE. Although conclusions of law are mingled with findings of fact, that cannot constitute ground for reversal. The requirement of the statute that findings of fact and conclusions of law must be separately stated is merely directory; and if correct findings or conclusions of law and fact be made, they may be considered in their true character wherever set out; and if there be any doubt as to which class a finding belongs to, it is to be resolved in favor of the judgment.

ID.—RULE AGAINST ENFORCEMENT OF ILLEGAL CONTRACT—BENEFIT TO DEFENDANT BY RESULT NOT CONSIDERED.—The rule that a contract which is against public policy, good morals, or the express mandate of the law, cannot be made the basis of any action, legal or equitable, has no consideration for the party against whom the relief is sought, and takes no note of the fact that he will be benefited by the refusal of the court to grant the relief.

ID.—FIDUCIARY RELATIONS—PURCHASE BY AGENT WITHOUT KNOWLEDGE OF PRINCIPAL—FRAUD OR INJURY NOT ESSENTIAL TO ILLEGALITY.— The violation of the fiduciary relations between an agent and his principal, in the purchase of an interest in the principal's property, without the knowledge of the principal, avoids the transaction; and no actual fraud or injury to the principal is essential to render a

contract by the agent for a concealed interest in the purchase of the principal's property violative of law, contrary to public policy, and unlawful under section 1667 of the Civil Code.

ID.—TEST WHETHER DEMAND CONNECTED WITH ILLEGAL TRANSACTIONS IS ENFORCEABLE.—The test whether a demand connected with an illegal transaction may be enforced is, Does the plaintiff require the aid of the illegal transaction to establish his case? If the plaintiff cannot prove his case without showing that he has broken the law, the court will not assist him, whatever the justice of his claim against the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Geo. P. Adams, and Chas. S. McKelvey, for Appellant.

D. M. Hammack, and Hunsaker & Britt, for Respondents.

TAGGART, J.—This is an appeal from a judgment. The action is for an accounting, and plaintiff urges a reversal of the judgment in favor of the defendant because it is not supported by the findings. He also contends that by the elimination from the findings of a probative fact which he claims does not aid in sustaining the judgment, and certain conclusions of law which improperly and erroneously appear in the findings of fact, this court would not only be justified in reversing the judgment entered, but warranted in directing a judgment on the findings in favor of plaintiff.

The trial court found that plaintiff was the agent of the trustees of the Doran estate for the sale of a lot of land in the city of Los Angeles, and was employed by them to procure a purchaser for the said lot of land in consideration of a commission to be paid to him. That while plaintiff was employed and acting as such agent he induced and procured defendant to buy said property, and that defendant purchased the same, paid the consideration for and received the conveyance thereof in her own name for the benefit of herself and the plaintiff (and not solely for her own use), pursuant to an agreement in writing, dated December 23, 1903, which was in the words and figures following:

"This agreement made and entered into between A. C. Butler and Mary C. Agnew both of the city of Los Angeles, state of California;

"Whereby the said Butler and Agnew buy jointly the Doran property 55x135 feet with improvements at the southwest corner of Olive street and Olive court, Los Angeles, California.

"The property to be first put in the name of Mary C. Agnew, who when the property is acquired from the Doran estate, said Mary C. Agnew is to deed to A. C. Butler a half interest in said property to be acquired by loans and sold within a year. Said purchasers Agnew and Butler to be jointly liable for debts of said property and share equally in profits from same."

The court also found the following writing on the back of the contract to be a part thereof: "Concerning the within described property, whatever commission is paid me by the Doran estate I will divide equally with Mary C. Agnew. (Signed) A. C. Butler."

That the defendant Mary C. Agnew raised money on her own credit and by mortgage on the Doran property in her own name to pay the purchase price to the trustees of the Doran estate; the interest of the plaintiff in the purchase was concealed from the said trustees, and they were ignorant of the making of the contract here sued on, and upon the consummation of the sale they paid to plaintiff the sum of $300, being full commission on the price received from Mrs. Agnew. Of this commission no part was ever paid or tendered by plaintiff to defendant Agnew, or to anyone else on her behalf. The said Mary C. Agnew at once entered into the possession of the property and collected the rents, issues and profits thereof from the time of the purchase until August 14, 1904, when she exchanged it for an orange orchard in the city of Riverside, known as the Ray ranch. This ranch she subsequently disposed of and converted the proceeds thereof to her own use. Both the exchange of the Doran lot and the sale of the Ray ranch were made without plaintiff's consent.

The probative fact sought to be eliminated from the findings is the promise of plaintiff to pay to defendant one-half of his commissions earned by the sale of the property, which was indorsed on the contract. It is admitted by appellant that this would be a proper finding if it were not that the

judgment is predicated entirely upon the invalidity of the contract, and therefore, he contends, every other element of the case must be excluded from the findings. We are not prepared to say that this finding does not aid the court in arriving at the conclusion that the contract is against law, but there is another reason why the matter said to be merely probative is properly in the findings. The court finds that it was part of the contract, and it being admitted that the question of the legality of the contract is involved in the judgment, it is certainly proper to find what constitutes the contract in order to pass upon its validity.

The requirement of the statute that findings of fact and conclusions of law shall be separately stated is merely directory. (*Spencer* v. *Duncan,* 107 Cal. 426, [40 Pac. 549].) Therefore, if correct findings, or conclusions of law and fact, be made, they may be considered in their true character wherever set out. It is not always easy to determine upon which side of the line prescribed by section 633, Code of Civil Procedure, findings made upon issues raised by the pleadings should be placed. The conclusions reached frequently partake of the nature of both law and fact, and if there be any doubt as to which class the finding belongs, the doubt should be resolved in favor of the judgment. (*Paine* v. *San Bernardino Co.,* 143 Cal. 656, [77 Pac. 659].) This question has arisen in connection with the finding of ownership a number of times, and it has been held that such a finding is to be regarded as one of ultimate fact, or as a conclusion of law, according to the issues tried. (*Gardner* v. *San Gabriel Valley Bank,* 7 Cal. App. 106, [93 Pac. 900].) A finding that there was "no lien" in response to an issue in the pleadings whether or not a judgment constituted a lien was declared to be one of fact in *Dam* v. *Zink,* 112 Cal. 93, [44 Pac. 331]. The same rule was also applied to a finding that plaintiff "has no prescriptive right of way," in the case of *Weidenmueller* v. *Stearns etc. Co.,* 128 Cal. 626, [61 Pac. 374], and such a finding declared to be one of fact. In none of these cases was there any independent finding of the ultimate fact which was necessarily implied by the inference under consideration. If the mixed conclusion of law and fact had not been considered as a finding of fact, the judgment would have been unsupported, and thus it became necessary to construe the finding as one of

fact or the judgment would have fallen for lack of findings to sustain it.

In the case at bar facts justifying the conclusions in question were found by the court without the aid of the conclusions themselves. From this condition a different question might arise in some cases, but we do not think it necessarily does so here. The legal inferences declared, in so far as they are such, are correct conclusions of law based upon sufficient findings of fact. Conceding them to be purely conclusions of law, they would, at most, only have to be transferred to that portion of the findings which are denominated the "conclusions of law." Those to which the rule, applicable in cases of doubt, should be applied, if there be any such, are entitled to stand as findings of fact. We think, therefore, that in the consideration of the question whether or not the findings sustain the judgment, and of the right of plaintiff to a judgment on the findings, the so-called conclusions of law may be deemed part of the case.

The rule that a contract which is against public policy, good morals, or the express mandate of the law cannot be made the basis of any action, legal or equitable, has been declared so often as not to need repetition or citation of authority. This is not questioned by appellant, and it also appears to be conceded that the relations between an agent for the sale of land and his principal are of a fiduciary nature, and that the acts of such agent in the course of his employment are governed by the same rules as those of a trustee. But appellant contends that the contract here is legal on its face, and that sufficient facts outside of the contract have not been alleged or found to show that the contract is illegal or contrary to public policy. He also claims that the contract is severable, and, while its validity in part may be questioned, its valid portion may be enforced and he is entitled to recover under its provisions.

The rule to be applied in such a case is based upon sound public policy and has no consideration for the party against whom the relief is sought, and takes no note of the fact that he will be benefited by the refusal of the court to grant the relief. It is for the sake of the law itself that the machinery of the courts is not permitted to be used for the enforcement of such contracts, and the parties are left precisely where the

breach of their illegal contract finds them. Neither the silence nor consent of the parties to the contract, or of either of them, would justify the court in retaining jurisdiction of such an action. (*Union Collection Co.* v. *Buckman*, 150 Cal. 159, 164, [119 Am. St. Rep. 164, 88 Pac. 708].) It matters not that there is no actual fraud in the transaction, or that no injury resulted to the principal. The rule is intended to prevent the possibility of wrong; and, assuming that plaintiff and Mrs. Agnew paid full value for the property, this is not a defense. The purchase by the agent without the knowledge of the principal is sufficient to avoid the transaction. (*Burke* v. *Bours*, 92 Cal. 115, [28 Pac. 57].) The agency of the plaintiff, his concealment of the sale from his principal, the sale by plaintiff, as agent, to himself—that is, to defendant for his benefit—are all clearly alleged and found. This shows the contract sought to be enforced to be violative of law, contrary to public policy, and unlawful under section 1667 of the Civil Code.

The test whether a demand which is connected with an illegal transaction may be enforced at law is, Does the plaintiff require the aid of the illegal transaction to establish his case? If the plaintiff cannot prove his case without showing that he has broken the law, the court will not assist him, whatever the justice of his claim against the defendant. (*Berka* v. *Woodward*, 125 Cal. 127, [73 Am. St. Rep. 31, 57 Pac. 777].) The right of plaintiff to a division of the profits and proceeds, either of the Doran lot or the Ray ranch, can be established only by the introduction in evidence of the entire contract. The whole texture of it is so interwoven, each part with the other, that it is inseparable. To hold the transaction severable, as contended for by the appellant, would be to separate the shadow from the substance and apply the rule to the shadow while the violator enjoyed the benefit of the substance of his illegal contract. This is not equity. The judgment is abundantly sustained by the findings.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.