[L. A. No. 2439. Department Two.—March 22, 1910.]

BERRY McKELVEY, Respondent, v. JAMES I. WAGY and JULIA I. WAGY, his Wife, et al., Appellants.

FORECLOSURE OF MORTGAGE—DEFENSE—EXTENSION OF TIME—PREMATURE ACTION—ACTION SUPPORTED BY UNCONTRADICTED PROOF.—In an action to foreclose a mortgage, where the uncontradicted evidence for the plaintiff showed that several prior extensions of time had been granted in consideration of payment of a higher rate of interest, and in the month of September, another extension of time was applied for until the following January, and granted conditionally on payment of accrued interest within one week, which was not paid, a defense that the action was prematurely commenced in October, after the lapse of such week, and that the time was extended to January, is wholly unsupported, and the action is fully sustained.

ID.—JUDGMENT—ITEMS FOR TAXES AND SEARCHING TITLE—PROVISION IN MORTGAGE—PRAYER FOR GENERAL RELIEF.—Items proved and allowed

in the judgment for taxes paid and money paid for searching title, which are expressly provided for in the mortgage attached as an exhibit to the complaint were properly allowed under the prayer for general relief in the complaint, though not specifically pleaded.

Id.—General Finding in Decree and Order of Sale.—A general finding in the decree and order of sale, that "all the allegations in said plaintiff's complaint contained are true," is sufficient, and must be considered upon appeal, though not set off by itself and marked as a finding.

Id.—Mode of Stating Findings and Conclusions of Law—Directory. Statute.—The statute requiring that the findings and conclusions of law shall be separately stated is directory.

Id.—Rules as to Findings—General Finding—Unnecessary Finding. —The court may make a general finding that all of the allegations of the complaint are true; and is not required to make any finding upon an affirmative defense, where no evidence is introduced to support it.

Id.—Damages for Frivolous Appeal.—Damages are allowed in this case for a frivolous appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Woodruff & McClure, for Appellants.

E. S. Janes, for Respondent.

MELVIN, J.—Appeal from a judgment of foreclosure.   Defendants James I. Wagy and Julia I. Wagy, on July 2, 1906, gave their note for seven thousand dollars, payable on or before one year after date, with interest at the rate of seven per cent per annum.   This note was secured by a mortgage on certain real property in Los Angeles County.   Mrs. Jane Johnson was sued as one claiming some interest in the property by purchase from the Wagys.

In the answer the defendants James I. and Julia I. Wagy did not deny the due execution of the note and mortgage, and defendant Johnson merely made denial on information and belief.   The defendants pleaded payment of all interest to September 1, 1908, except one hundred and thirty dollars, and averred that plaintiff extended time on said payment for ninety days.   They also alleged that about July 1, 1908, plain-

tiff agreed, in consideration of the payment of interest at the rate of eight per cent instead of seven per cent per annum, to extend the time of settlement of the note and interest until January 1, 1909.

Plaintiff introduced in evidence the note and mortgage and certain receipts for the taxes which he had paid, and another voucher showing the payment by him of ten dollars for searching the title to the property. On the witness stand plaintiff stated that having prepared to institute foreclosure proceedings in August, 1907, he was induced by James I. Wagy to forego suit at that time in consideration of the payment to him by the Wagys of fifty dollars, together with the interest due on the note July 2, 1907, and the promise that the note and interest at the rate of eight per cent per annum (instead of the seven per cent mentioned in the note) would be fully paid on January 2, 1908. In January, 1908, according to plaintiff's testimony, defendant James I. Wagy paid him two hundred and eighty dollars, being interest on the note from July 2, 1907, to July 2, 1908, at eight per cent. In September, 1908, another payment of one hundred and fifty dollars was made by the Wagys and duly credited. Shortly afterwards Wagy asked for an extension of the time of payment to January 2, 1909, promising to pay, in consideration therefor, the interest then due and eight per cent interest. McKelvey, the plaintiff, said that he would accept this offer if the accrued interest would be paid within one week, but no further sum was paid to plaintiff as a result of this offer, and in October, 1908, this suit was commenced. This testimony was not contradicted by any one, the defendants offering no evidence at all. Yet in spite of this plain, uncontroverted statement of fact, appellants' counsel in their brief insist that an extension of the time to January 2, 1909, for payment of the note had been proven and that the suit was, therefore, prematurely commenced.

Appellants object to the items in the judgment of $154.08 for taxes and ten dollars for searching of title, on the ground that the complaint contained no averments upon which to base said motions; but the mortgage itself which, by copy attached as an exhibit, is made a part of the complaint, provides for the reimbursement of the mortgagee for all sums expended in the payment of taxes and in searching the title; and the

prayer of the complaint asks, among other things, for general relief.

Findings were not waived, and appellants' claim of error is predicated upon failure to file formal findings. In the decree and order of sale, however, the court did find that "all the allegations in said plaintiff's complaint contained are true." The mere fact that this finding was not set off by itself and marked as such does not prevent us from considering it. The statute requiring that findings of fact and conclusions of law shall be separately stated is directory. (*Reiner* v. *Shroeder,* 146 Cal. 411, [80 Pac. 517]; *Butler* v. *Agnew,* 9 Cal. App. 327, [99 Pac. 395]; *Spencer* v. *Duncan,* 107 Cal. 426, [40 Pac. 549].) A general finding that all of the allegations of a complaint are true has been repeatedly upheld by this court. (*Gale* v. *Bradbury,* 116 Cal. 39, [47 Pac. 778]; *Johnson* v. *Klein,* 70 Cal. 186, [11 Pac. 606].) And it has been decided here that findings are unnecessary where no evidence is introduced in support of an affirmative defense. (*Robinson* v. *Muir,* 151 Cal. 118, [90 Pac. 521]; *People* v. *McCue,* 150 Cal. 195, [88 Pac. 899]; *Roberts* v. *Hall,* 147 Cal. 434, [82 Pac. 66].)

This is a frivolous appeal. Defendants, who offered no evidence on their own account, are appealing upon matters which were so plain as to be almost axiomatic. That appellants had any faith in any of the questions involved in the appeal I greatly doubt. They must have had some motive for instituting this appeal other than a belief that serious error had occurred. Perhaps the suit was brought for delay, but whatever the impelling reason, the practice of appealing upon frivolous matters should be discouraged. A penalty of fifty dollars damages to plaintiff is, therefore, imposed, and the judgment from which the appeal was taken is affirmed.

Henshaw, J., and Lorigan, J., concurred.