[Civ. No. 11669.   First Dist., Div. Two.—May 5, 1941.]

JOHN SIEMENS et al., Appellants, v. JOSEPH MECONI, Respondent.

Joseph E. Isaacs and Alan H. Critcher for Appellants.

Larrouy & Macdonald for Respondent.

NOURSE, P. J.—Plaintiffs sued to quiet title to certain real property; the defendant filed an answer and cross-complaint setting up a cause of action to foreclose a mechanic's lien upon the property; the defendant had judgment upon the cross-complaint for $223.40 with interest from date of the judgment.

The sole ground urged on the appeal from the judgment is that the defendant failed to plead and prove that he was a duly licensed contractor during the performance of the contract. Section 12 of the Contractor's License Law, Deering's General Laws, Act 1660 (Stats. 1929, p. 1591, as amended), as it read when the action was commenced and tried, provided that pleading and proof of such fact was essential to the maintenance of any action by a contractor for the collection of compensation for the performance of any work for which a license was required under the act. The action here is one of that nature and the pleadings and proof are deficient to that extent.

Since the cause is one in equity the mutual rights of the respective parties should be given consideration. The cross-complaint alleges that work under the contract was completed in November, 1936; the cross-complaint was filed in March, 1937; the judgment was entered May 5, 1938; the appeal was taken to the Supreme Court on June 22, 1938; appellants' brief was filed in that court on September 16, 1938, and the cause was transferred to this court for hearing and decision on February 10, 1941. The amount involved in the litigation is small, and, though the objection raised on the appeal is legally sound, the whole matter could have been cured in the trial court without the useless delay and expense which has been occasioned by the appeal.

For these reasons it is ordered that the judgment be reversed and the cause remanded to the trial court for the limited purpose of permitting respondent to amend the cross-complaint, the taking of evidence upon the existence of the required license, and, if the evidence is found sufficient to meet the statute, the modification of the findings in that re-

spect to support a judgment in accord with the original judgment with interest from that date as therein provided.

Each party will bear his own costs on this appeal.

The judgment is reversed subject to the limitations hereinabove stated.

Sturtevant, J., and Spence, J., concurred.