[L. A. No. 20524. In Bank. Mar. 18, 1949.]

HELEN W. FRANKLIN et al., Respondents, v. NAT C. GOLDSTONE AGENCY (a Copartnership), Appellant.

Kaplan, Livingston & Lewis and Eugene S. Goodwin for Appellant.

A. L. Weil for Respondents.

SPENCE, J.—This case involves the enforcement of an arbitration award in payment for certain painting work performed by interior decorators as part of their agreed services. The propriety of such recovery is challenged upon the ground that the decorators were not shown to be licensed contractors at the time of performance of the work in question. Such point of objection, tendering the issue of illegality in derogation of the right to judicial relief, is well taken, and the court's order confirming the award cannot be sustained upon the record as it now stands.

Respondents, as interior decorators, undertook by oral agreement "to furnish and decorate" appellant's office. The work included painting and carpeting. A dispute arose with respect to the charges for these services, and the parties submitted the matter to arbitration. The arbitrator made an award in favor of respondents. Within three months thereafter respondents applied to the superior court for an order confirming the award. The application for confirmation did not allege that respondents, either as a firm or individually, were licensed by the state to act as contractors at the time the work was performed. On the day of the court hearing, appellant filed an affidavit of one of its attorneys in opposition to confirmation of the award. The affidavit stated, upon information and belief, that neither of respondents "is or was a licensed contractor"; and that "no allegation or proof of contractor's license was made by [respondents] or either of them during the said arbitration." Respondents filed no counteraffidavit. The court made its order confirming the award and ordered that judgment be entered accordingly in favor of respondents. From such order and judgment appellant has appealed.

Appellant contends that respondents have no legal standing in court as the basis for the enforcement of their claim for compensation because it does not appear from the petition to confirm the arbitrator's award, or from any of the documents attached thereto, that respondents were duly licensed

contractors at all times during performance of the agreement. Appellant makes no objection to the award to respondents for the carpeting work, but limits the application of its contention solely to the propriety of the court's order insofar as it allows compensation to respondents for the painting of appellant's office—$1,648.59.

"It is unlawful for any person to engage in the business or act in the capacity of a contractor within this State without having a license therefor. . . ." (Bus. & Prof. Code, § 7028.) As defined by statute, a "contractor" is "any person . . . who . . . undertakes to . . . himself or *by* or *through others*, construct, *alter, repair, add to,* subtract from, *improve* . . . any building. . . ." (Bus. & Prof. Code, § 7026; emphasis added.) Classified as a separate branch of "the contracting business" is the comprehensive field of "specialty contracting" (Bus. & Prof. Code, § 7055), which includes "a contractor whose operations as such are the performance of construction work requiring special skill and whose principal contracting business involves the use of specialized building trades and crafts" (Bus. & Prof. Code, § 7058). The Contractors' State License Board (Bus. & Prof. Code, § 7000), in recognition of the fact that the construction industry embraces numerous specialized crafts requiring certain arts and skills, has expressly listed among the "classified specialists" coming within the scope of the licensing statutes "painting and decorating contractors" (Cal. Adm. Code, title 16, § 735). In line with these observations, the conclusion is inescapable that respondents should be regarded as "contractors" within the purview of the statute and the rules and regulations adopted in pursuance thereof (Bus. & Prof. Code, §§ 7008, 7059), and that compliance with the state licensing requirements was necessary to validate their undertaking to do and doing the work of painting appellant's office. (*Howard* v. *State of California,* 85 Cal.App.2d 361, 363-364 [193 P.2d 11].)

Respondents argue, however, that the award of the arbitrators may not be attacked upon this ground of illegality in challenge of their right to recover for the painting work in question, as determined by the arbitrator. Accordingly, they cite the well-settled principles that "Once an award [of an arbitrator] regular on its face is established by satisfactory proof, a prima facie case is made, and every presumption is in favor of its validity, the burden of introducing evidence to overthrow the award resting on the party who attacks the award" (3 Am.Jur. § 165, p. 980; see, also, 6 C.J.S. § 130,

p. 281); that the arbitration process provides "a summary and expeditious means of attempting to determine controversies out of court pursuant to a stipulation of the parties in a written contract" (*Snyder* v. *Superior Court*, 24 Cal.App.2d 263, 267 [74 P.2d 782]; see, also, *Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.*, 29 Cal.2d 228, 240 [174 P.2d 441]; *Glesby* v. *Balfour, Guthrie & Co., Ltd.*, 63 Cal.App.2d 414, 417 [147 P.2d 60]); and that pursuant to the proposition that the law favors arbitration, "every reasonable intendment will be indulged to give effect to such proceeding" (*Utah Construction Co.* v. *Western Pacific Railway Co.*, 174 Cal. 156, 159 [162 P. 631]).

The arbitration process in this state is governed by sections 1280-1293 of the Code of Civil Procedure and the parties have proceeded in accordance therewith. No error appeared on the face of the award, and at the judicial hearing appellant's entire attack thereon rested on the charge, by affidavit of its counsel, that respondents' compensation claim grew out of an illegal transaction by reason of respondents' failure to comply with the state licensing requirements for contractors. However, since such affidavit as to respondents' alleged unlawful conduct in the mentioned particular was made on information and belief, it was only "hearsay and no proof of the facts stated therein." (*Kellett* v. *Kellett*, 2 Cal.2d 45, 48 [39 P.2d 203]; see, also, *Pratt* v. *Robert S. Odell & Co.*, 63 Cal.App.2d 78, 82 [146 P.2d 504].)

But the failure on the part of appellant to offer competent evidence on the disputed point of respondents' status as duly licensed contractors does not aid respondents, for whether or not they had complied with the state licensing requirements was a matter essential to their right of recovery on their contract. Section 7031 of the Business and Professions Code provides: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract." Respondents argue that they were not required to comply with this statutory requirement of pleading and proof as a condition precedent to recovery of judgment because they were not bringing "any action" to enforce their compensation claim (*Phillips* v. *McIntosh*, 51 Cal.App.2d 340, 341 [124 P.2d

835] ; *Kirman* v. *Borzage*, 65 Cal.App.2d 156, 158 [150 P.2d 3] ), but rather were seeking only judicial confirmation of an award already made in pursuit of the arbitration process (6 C.J.S. § 129, p. 277). However, in the latter case as in the former, the aid of the court is sought through judicial proceedings in affirmance of alleged rights arising from a contract which violates the public policy of this state. ■ As stated in *Wise* v. *Radis*, 74 Cal.App. 765 [242 P. 90], at page 775 : ''No principle of law is better settled than that a party to an illegal contract or an illegal transaction cannot come into a court of law and ask it to carry out the illegal contract or to enforce rights arising out of the illegal transaction.'' (See, also, *Holm* v. *Bramwell*, 20 Cal.App.2d 332, 336 [67 P.2d 114].) Such ''rule is not generally applied to secure justice between parties who have made an illegal contract, but from regard for a higher interest—that of the public, whose welfare demands that certain transactions be discouraged.'' (*Haruko Takeuchi* v. *Schmuck*, 206 Cal. 782, 786-787 [276 P. 345] ; see, also, *Butler* v. *Agnew*, 9 Cal.App. 327, 331-332 [99 P. 395].)

■ The licensing requirements in regulation of the contracting business were enacted ''for the safety and protection of the public'' against imposition (*Gatti* v. *Highland Park Builders, Inc.*, 27 Cal.2d 687, 690 [166 P.2d 265] ), and such public policy may not be circumvented according to the manner in which application is first made to the court for relief. Otherwise, a person with a claim forbidden by law would be permitted to enforce it through the transforming process of arbitration—a procedure ''tantamount to giving judicial approval to acts which are declared unlawful by statute.'' (*Loving & Evans* v. *Blick*, this day decided, *ante*, p. 606, 612 [204 P.2d 23].) A ''judgment . . . entered in conformity'' with ''an order confirming, modifying or correcting an award'' (Code Civ. Proc., § 1291) has ''the same force and effect, in all respects, as . . . a judgment in an action; and it may be [so] enforced. . .'' (Code Civ. Proc., § 1292.) Since the ''judgment'' in either event has the ''same force and effect,'' it would likewise appear proper to hold that the Legislature in neither situation intended that such recovery, through judicial proceedings, should run counter to public policy—that the mere submission of the illegal matter to arbitration and reducing it to an award would purge it of its illegality. (*Loving & Evans* v. *Blick, supra, ante*, p. 606 611, and cases there cited.) ■ Accordingly, respondents'

application for confirmation of the arbitrator's award and entry of a "judgment" in conformity therewith was an "action . . . for the collection of compensation" within the purport of section 7031 of the Business and Professions Code, and their proof of at least substantial compliance with the state licensing requirements as contractors in the performance of their painting services was essential to their recovery in this proceeding. (*Cf., Siemens* v. *Meconi,* 44 Cal.App.2d 641, 642 [112 P.2d 904].)

The judgment and order are reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Gibson, C. J., Edmonds, J., and Traynor, J., concurred.

SHENK, J.—I dissent for the reasons stated in my dissenting opinion in *Loving & Evans* v. *Blick, ante,* p. 606 [204 P.2d 23]. In addition I am in accord with the opinion of the District Court of Appeal in affirming the judgment in this case (Second Appellate District, Division 3; 188 P.2d, page 60).

Schauer, J., concurred.

CARTER, J.—I dissent in this case upon the same grounds, and for the same reasons set forth in my dissent in *Loving & Evans* v. *Blick, ante,* p. 606 [204 P.2d 23], this day decided.

The position taken by the majority in each case has the effect of declaring null and void the express provisions for arbitration, confirmation of the award of the arbitrators and the grounds upon which such awards may be set aside as set forth in the Code of Civil Procedure (§ 1280 et seq.).

Section 1288 of the Code of Civil Procedure specifically sets forth the grounds upon which the award of an arbitrator may be set aside. It is to be noted that such alleged "illegality" as appears in these two cases is *not* among them. To hold that the facts of these two cases bring them within the subdivision providing that an award may be set aside when the arbitrators have exceeded their powers appears to me to be a tortured way of adding a new provision to those expressly provided for by the Legislature.

The majority opinion is clearly inconsistent in holding that the portion of the award relating to the carpeting work may be confirmed because appellant makes no objection thereto, but the portion relating to the painting must be vacated and

set aside because of appellant's objection to the confirmation of the award. So far as appears, there was one contract for both the carpeting and painting and the controversy over both items was submitted to arbitration. The award made by the arbitrator covered both items. Obviously, if the contract was illegal because of respondents' failure to obtain a contractor's license, this illegality affected the carpeting work as well as the painting and no recovery should be permitted under the theory on which the majority opinion is based.

The majority opinion in the case at bar demonstrates the soundness of the argument advanced in my dissenting opinion in the Loving & Evans case (*supra*) to the effect that in any case where it is possible to raise a question of illegality, it is idle to submit such a controversy to arbitration for the reason that the entire matter must be heard and determined by the superior court upon the application of either party to the proceeding; that is, as I understand the majority opinion, it holds that whenever the question of illegality is raised, it is a matter for the court to determine regardless of whether the question was raised before the arbitrator. This holding, in effect, will remove from the field of arbitration many controversies which have been the subject of arbitration in the past, for if a court is not bound by the award of an arbitrator, where the latter determines upon conflicting evidence that a contract is legal and binding, it would be idle to submit such matters to arbitration and then have to retry the entire issue before a court. This will be the situation if the majority opinion becomes the law of this state.

. The appeal in this case was first heard by the District Court of Appeal, Second Appellate District, Division 3, and an opinion was rendered by said court affirming the judgment (83 A.C.A. 131 [188 P.2d 60]). This opinion, prepared by Mr. Justice Vallée and concurred in by Presiding Justice Shinn and Associate Justice Wood, contains a clear and correct statement of the law and I adopt it as a part of this dissent.

Schauer, J., concurred.

Respondents' petition for a rehearing was denied April 14, 1949. Shenk, J., Carter, J., and Schauer, J., voted for a rehearing.