Filed 1/11/22  Sail Exit Partners v. Severson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAIL EXIT PARTNERS, LLC, | G059275 |
| Plaintiff and Respondent, | (Super. Ct. No. 30-2018-00994978) |
| v. | O P I N I O N |
| JOHN A. SEVERSON, | |
| Defendant and Appellant; | |
| MARILYN WILLIAMS, | |
| Real Party in Interest and Appellant. | |

Appeal from a judgment and postjudgment order of the Superior Court of Orange County, Charles Margines, Judge.  Affirmed.  Respondent's motion to dismiss denied.

Law Offices of Alexandria C. Phillips and Alexandria C. Phillips for Defendant and Appellant and Real Party in Interest and Appellant.

Troutman Pepper Hamilton Sanders and Peter N. Villar for Plaintiff and Respondent.

$*$        $*$        $*$

John A. Severson and Marilyn Williams appeal following the trial court's denial of their respective postjudgment motions challenging a March 2019 default judgment against Severson. Severson sought to vacate the default judgment; Williams sought to exempt community property that would otherwise be subject to lien or levy to satisfy the judgment on grounds that she and Severson were never actually married because their 2004 Italian wedding did not satisfy Italy's requisite formalities.

On appeal, Severson makes entirely new arguments in which he purports to appeal the default judgment itself, long after the time in which to appeal that judgment expired. In a supplemental opening brief this court gave him leave to file, instead of attacking the merits of the default judgment as he did in his original opening brief, he again attempts to vacate the default judgment as a purportedly void judgment. But he does so on a new and different ground than he asserted below.

For her part, Williams attacks the trial court's evidentiary rulings in which it (1) found that an unauthenticated letter said to be from a European attorney constituted inadmissible hearsay, and (2) denied Williams's oral motion on the day of the hearing to have the European lawyer testify remotely, apparently regarding what others thought or said about the existence or nonexistence of the marriage. Williams also challenges the trial court's alternative ruling that even if the marriage was not technically valid, it constituted a union between putative spouses (Fam. Code, § 2151), to which the court applied the rule that "property divided pursuant to [s]ection 2251 is liable for debts of the parties to the same extent as if the property had been community property or quasi-community property." (*Id.*, § 2252.)

We need not reach the trial court's putative spouse ruling; the court did not abuse its discretion in its evidentiary rulings, and Williams did not otherwise meet her

2

burden as the moving party on her claim she was not married to Severson. Nor, as we explain, do any of Severson's arguments meet his burden as the appellant to secure reversal. We therefore affirm the trial court's judgment and postjudgment order.

## FACTUAL AND PROCEDURAL BACKGROUND

SAIL Exit Partners, LLC (SAIL or Sail Exit), an investment fund, sued Severson and others in May 2018 alleging that Severson, the Orange County agent for defendants Schneider Brothers Ltd. and Schneider Finance LLC (collectively, Schneider Brothers), acted in conjunction with a former managing member of SAIL, Walter L. Schindler, to misappropriate from SAIL almost 600,000 shares of stock in a company known as Ener-Core—among other stock assets. According to SAIL, the Ener-Core stock alone was worth more than $950,000. SAIL alleged Severson and Schneider Brothers sold a portion of the Ener-Core stock on the European market and, while conceding the proceeds belonged to SAIL, he never returned them despite repeated demands. SAIL's causes of action and theories of liability included conversion, civil conspiracy, aiding and abetting liability, and imposition of a constructive trust.

SAIL had Severson personally served with the complaint in June 2018. On October 8, 2018, the process server personally served Severson with the requisite statement of damages. (Code Civ. Proc.,[1] § 425.115.) The statement (1) noted the date the complaint had been filed, May 24, 2018, (2) was headed in boldface type, "Notice to Defendant John A. Severson" (capitalization adjusted), and (3) consisted of one further sentence stating that SAIL "reserves the right to seek $670,000 in punitive damages when [SAIL] seeks a judgment in the suit filed against you." While served on October 8, 2018, the statement of damages in the record is dated "October 23, 2018." SAIL then filed in the trial court and served on Severson a request for entry of default, which the trial court

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

3

entered the next day, October 24, 2018. The court had already entered Schneider Brothers's default.

With no response from either Severson or Schneider Brothers forthcoming on the defaults, several months later SAIL moved the court to enter default judgments against both defendants. SAIL served Severson with the request on March 1, 2019, and filed the request in court the same day. The request prayed for $110,988.23 in compensatory damages, $670,000 in punitive damages, plus almost $10,000 in interest and costs for a total damages figure of $790,211.92. The trial court entered judgment in that amount against Severson and Schneider Brothers on March 20, 2019. Neither party appealed the judgment.

In September 2019, after obtaining a writ of execution from the trial court, SAIL served TD Ameritrade with a notice of levy for the purpose of levying on community property owned by Severson and his wife, Marilyn Williams.[2] In October 2019, the trial court ordered Williams to appear for an examination, in advance of which she filed an exemption claim with the levying officer; in that claim Williams acknowledged she had "married John Severson in 2004." According to SAIL, Severson then "conveniently informed" the attorney representing him and Williams "that he was 'not certain that [he and Williams] were legally married' on October 25, 2019—seven months after SAIL obtained the March 2019 Default Judgment against him." Williams filed an ex parte motion in November 2019 to stay collection efforts, which the trial court granted pending a hearing. That same month, Williams filed a formal motion for an "Order Releasing Judgment Lien" and Severson filed a motion to vacate the default judgment against him.

---

[2] SAIL presented evidence below that outside of this litigation Williams uses Marilyn Severson or Marilyn Williams-Severson as her name.

4

Following a hearing in July 2020, the trial court denied both motions. In a detailed minute order, the court explained that Severson's motion was timely because it was "an attack on an allegedly void default judgment . . . . A default judgment in excess of the complaint's demand (or other notice of sums at issue) is void and may be vacated at any time. [Citation.]" The court explained that "[a] default judgment for greater relief or a different form of relief than demanded in the complaint is beyond the court's jurisdiction. [Citations.]" Nevertheless, as we explain more fully below, the trial court denied Severson's attempt to vacate the judgment.

As to Williams, the trial court noted that SAIL contended Williams conceded "she has been living with Mr. Severson since 1998 and that she married him at an intimate ceremony in Italy in 2004. She claims, however, that her attorney (Alexandria Phillips) recently informed her that her marriage might not comport with Italy's 'rigorous legal requirements.' For her part, Ms. Phillips purports to rely on her own Internet research and letters she received from two European lawyers whom she paid to opine on the issue—which of course [according to SAIL] constitutes triple hearsay."

The trial court sustained SAIL's objections to declarations filed by Phillips and Williams and upheld SAIL's objection to a "Letter From St. Fiona Stelfox," one of the European lawyers: "Sustained as to [the] entire document, hearsay."

The Stelfox letter, which Phillips attached to her declaration, stated that it was authored by a person known as "Avv. St. Fiona Stelfox," and that Stelfox is "registered to practice law in Italy and listed in the Role of Attorneys in Lucca, Tuscany." The letter further summarized that Stelfox purportedly received an e-mail in January 2020: "Subsequently on the 2nd January 2020 I received a registered email from the Registrar of Marriages of the Municipality of Montalcino with an attached Certificate certifying that there is NO record of any such marriage between the said parties in the year 2004." The letter identifies those parties as Marilyn Williams and John Severson,

5

and further states that the referenced "certificate and accompanying translation done by me, is attached hereto and referred to as 'Exhibit A'."

The court rejected SAIL's argument that it had "ordered Mrs. Williams to obtain a family court determination of the invalidity of her marriage and [because she] failed to do so, this motion must be denied." The court found its "minute orders do not reflect . . . such an order," and "[e]ven if there were such an order," "outright denial of the motion" was not "mandate[d]."

Instead, the court observed that while Williams did not "cite to specific statutory grounds for this motion," it "appear[ed] to be in the nature of a claim of exemption," "[s]ee CCP § 720.310," for which "[t]he third party claimant has the burden of proof. CCP § 720.360." The court also noted statutory authority that "Tort debt is incurred when the tort occurs" (Fam. Code, § 903, subd. (b)), and that, as relevant here, "[t]he community estate of a married couple is liable for a debt incurred by either spouse . . . during [the] marriage . . . ." Consequently, the court framed the issue as whether Williams had met her "burden of proof to show that her property is exempt from levy" by "establish[ing] that she is not and has not been married to judgment debtor John Severson."

After reviewing the declarations of Williams and her attorney, the court concluded none of the "admissible evidence" in either declaration satisfied Williams's burden. As to Severson's declaration, the court found "[t]he fact that [Severson] advised his legal counsel that he *believed* that there was an issue as to whether or not he and Ms. Williams were married under the laws of Italy is not the same thing as affirmatively establishing that the ceremony in 2004 did not comply with requirements for marriage in Italy, or whether Italy would accept their 'common law' cohabitation in lieu of compliance with the requirements for a formal marriage in Italy."

6

The trial court also addressed SAIL's contention that as a "putative spouse," Williams's community property interest was subject to levy, and found it supplied an alternative ground for denying Williams's motion.

Severson and Williams now appeal.

**DISCUSSION**

A.    *Severson's Appeal*

Severson appeals from the default judgment entered against him in March 2019 on two grounds. Both grounds challenge the merits of the judgment. Notably, he does not in his original opening brief appeal from the trial court's denial of his motion to vacate the default judgment. Instead, his opening brief explicitly states that he "appeals from the Default Judgment entered against him." Specifically, Severson contends plaintiff's complaint leading to the default judgment failed to state sufficient facts supporting the causes of action and liability theories it alleged. He also argues that, to the extent any portion of the default judgment against him was based on punitive damages, the award must be set aside because it is "excessive" under California law for lack of any evidence of his financial condition.

Below, however, Severson did not attack the merits of the default judgment on these or other grounds: instead, he sought to vacate the judgment because the amount awarded exceeded the damages alleged by plaintiff, contrary to established law governing default judgments. (§ 580.) Such judgments are deemed "void" and may be vacated even beyond the ordinary time allotted for appeal. (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1018, 1022-1023.)

In this regard, Severson argued the judgment was void because the *prayer* in the complaint was silent as to him—unlike other named defendants—on the amount of damages sought. Similarly, Severson claimed the judgment was void because, while plaintiff's separately-served statement of damages submitted in support of the default

7

judgment mentioned that plaintiff sought up to $670,000 in punitive damages against Severson, this exceeded the amount (i.e., nothing) alleged against him in the complaint, thereby allegedly violating section 580.

The trial court addressed these arguments, explaining in its detailed minute order that the Supreme Court has expressly held that "'allegations of a complaint may cure a defective prayer for damages.'" (Quoting *Greenup v. Rodman* (1986) 42 Cal.3d 822, 829.) The trial court further explained that, "[b]ecause the body of the complaint herein stated that Plaintiff[] sought at least $950,000 in compensatory damages against all Defendants (Compl. ¶ 42), including Mr. Severson, it provided adequate notice of the amount of compensatory damages sought against him. [Citation.] Under these circumstances, the absence of a dollar figure in the prayer [as to Severson] did not offend due process" and, accordingly, the judgment was not void.

Severson does not contend the trial court erred in its analysis. Instead, he abandons the arguments he made below in favor of new ones on appeal attacking the merits of the underlying complaint and the merits of the damages awarded. This approach does not aid Severson for two reasons.

First, consistent with our limited constitutional role as an appellate court reviewing trial court proceedings, "'"[i]t is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal. A party who fails to raise an issue in the trial court has therefore waived the right to do so on appeal."'" (*Westsiders Opposed to Overdevelopment v. City of Los Angeles* (2018) 27 Cal.App.5th 1079, 1091 (*Westsiders*).)

As we have previously explained, "'This rule is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal.' . . . '"Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. . . . Bait and switch on appeal not only subjects the parties to

8

avoidable expense, but also wreaks havoc on a judicial system too burdened to retry cases on theories that could have been raised earlier."'" (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.)

Second, as SAIL points out, in raising new arguments attacking the merits of the default judgment and the damages it awarded, Severson in effect attempts to attack the March 2019 judgment long after the period in which he could file a timely appeal. The maximum time after entry of judgment in which to file an appeal is 180 days, which applies only when neither a party nor the clerk of the trial court filed notice of entry of the judgment. (Cal. Rules of Court, rule 8.104(a)(1)(C).) Here, Severson's August 2020 attempt to appeal the March 2019 default judgment on its merits is far outside the window of a timely appeal.

Severson's attack on the merits of the default judgment does not fall into the statutory safe harbor permitting belated challenges to "any void judgment or order." (§ 473, subd. (d).) Those challenges must be made in the trial court in the first instance, "on motion of either party after notice to the other party." (*Ibid.*) Additionally, the alleged legal infirmities in the default judgment that Severson raises for the first time on appeal do not constitute jurisdictional error that would render a judgment void.

As the Supreme Court has explained, "'*failure to state a cause of action* [citations], *insufficiency of evidence* [citations], abuse of discretion [citations], and mistake of law [citations]'" are all "'nonjurisdictional errors.'" (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 55, italics added.) In other words, "[o]nce a court has established its power to hear a case, it may make errors with respect to areas of procedure, pleading, evidence, and substantive law." (*Ibid.*) Put another way, "''"[J]urisdiction . . . , being the power to hear and determine, implies power to decide a question wrong as well as right.'"'" (*Ibid*.) We make no suggestion the default judgment entered here was erroneous in any way; we simply note Severson's new arguments on appeal in no way undermine the validity of the default judgment.

9

Nevertheless, we deny SAIL's motion to dismiss Severson's appeal altogether on grounds that it is nothing more than an untimely challenge to the merits of the default judgment. (See Cal. Rules of Court, rule 8.104(b) ["If a notice of appeal is filed late, the reviewing court must dismiss the appeal"]; *Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 666-667.) As noted in a prior order, we granted Severson's unopposed request to file a supplemental opening brief. In that expanded opening brief, Severson argues the default judgment is void on a new ground and invokes the principle, as Severson states it, that "[a] judgment entered without notice is void and can be attacked at any time." (Underlining and bold typeface omitted.)

Severson premises this argument on his contention, raised for the first time in his new opening brief, that the statement of damages that SAIL filed in support of the default judgment is dated October 23, 2018, the day before the trial court entered the default judgment. Severson argues this is a per se jurisdictional defect on grounds of lack of notice, given that the Supreme Court has stated that a defendant facing default judgment "is entitled to actual notice of the liability to which he or she may be subjected [within] a reasonable period of time before default may be entered." (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 435.) Severson concedes, as he must, based on established case law, "there is no hard and fast rule regarding the precise method or timing of service of the [statutory] statement of damages. Rather, [courts] are to determine in each case whether minimum standards of due process have been met." (*California Novelties, Inc. v. Sokoloff* (1992) 6 Cal.App.4th 936, 945.)

Severson argues that determination should be made now, on appeal. He relies on quotations from various cases: "If a judgment is void, an order giving effect to the void judgment is subject to appeal even if the underlying judgment was also [earlier] appealable." (*Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933.) And similarly, an appeal may be allowed "because an order giving effect to a void judgment is also void

10

and appealable." (*Residents for Adequate Water v. Redwood Valley County Water Dist.* (1995) 34 Cal.App.4th 1801, 1805.)

For its part, SAIL points to the default judgment record which contains the process server's statement under penalty of perjury on October 10, 1018, that he personally served the statement of damages on Severson on October 8, 2018. SAIL explains the statement of damages filed with the court gained a different, auto-generated date—October 23, 2018—because that was the day counsel for SAIL opened and printed a new copy of the statement to file with SAIL's request for the trial court to enter the default, which the court entered the next day. SAIL also emphasizes the process server attested he served Severson personally, while Severson points out the proof of service states not only that service was made on October 23, the day before the court entered the judgment, but that it was by mail, not personal service. Severson does not state or attest he was not personally served; rather he argues service by mail the day before entry of judgment could not possibly provide timely notice of his damages liability.

Even treating Severson's new argument in his supplemental opening brief as a timely appeal of the trial court's denial of his motion to vacate the judgment—rather than as an appeal of the default judgment itself, as stated in his original opening brief— the new argument furnishes no basis for reversal of the trial court's postjudgment order since """A party who fails to raise an issue in the trial court has therefore waived the right to do so on appeal.""" (*Westsiders*, *supra*, 27 Cal.App.5th at p. 1091.) Thus, while Severson may appeal the trial court's denial of his motion to vacate the judgment, the new argument he makes on appeal was forfeited.

The notion that a party may attack an assertedly void judgment "at any time" does not mean it may do so for the first time on appeal as Severson does here. The procedure the Legislature has authorized for such challenges is expressly situated in the trial court (§ 473, subd. (d)) and subject to the trial court's sound discretion. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495.) A trial court cannot be said to

11

have abused its discretion or otherwise have "erred in failing to conduct an analysis it was not asked to conduct." (*People v. Partida* (2005) 37 Cal.4th 428, 435.) Severson did not raise the issue of timely notice below, when it could have been fully and fairly litigated.

Furthermore, Severson is mistaken that the conflict in the record he identifies regarding the service date of the statement of damages rendered the ensuing default judgment void on its face. "In determining whether an order is void for purposes of section 473, subdivision (d), courts distinguish between orders that are void on the face of the record and orders that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence. 'This distinction may be important in a particular case because it impacts the procedural mechanism available to attack the judgment [or order], when the judgment [or order] may be attacked, and how the party challenging the judgment [or order] proves that the judgment [or order] is void.'" (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020-1021, original brackets (*Pittman*).)

As explained in *Pittman*, an order "is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence. [Citations.] There is no time limit to attack a judgment void on its face. [Citations.] If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order is not void on its face. Such an order must be challenged within the six-month time limit prescribed by section 473, subdivision (b), or by an independent action in equity." (*Pittman*, *supra*, 20 Cal.App.5th at p. 1021.)

Here, the process server's attestation in the default judgment record of personal service on October 8, 2018, precludes any conclusion that the default judgment entered on October 24, 2018, is void on its face for lack of notice of the statement of damages. In any event, Severson did not attempt to vacate the judgment as void for lack

12

of notice in the trial court, as required by section 473, and may not do so for the first time on appeal. "The rule allowing an aggrieved party to challenge an order void on its face at any time does not mean a party may perpetually move to vacate the order until he or she receives a favorable ruling. '"Somewhere along the line, litigation must cease."'" (*Pittman*, *supra*, 20 Cal.App.5th at p. 1021, fn. 13.) That point has been reached here because, having failed to raise the service issue below, Severson's attempt to do so now runs afoul of the principles of issue and claim preclusion. (*Ibid.*)

B.    *Williams's Appeal*

Williams's appeal of the trial court's denial of her motion for release from a lien arising from the default judgment on grounds that she was not legally married to Severson is similarly without merit. The trial court's evidentiary rulings dispose of this claim. We review evidentiary rulings for abuse of discretion (*Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 446-447); we find none here.

Williams first challenges the trial court's exclusion of the Stelfox letter as hearsay. As a preliminary matter not addressed by the parties, we observe that the trial court separately made findings as to the e-mail said in the Stelfox letter to be from a "Casagli Cristiano," identified by Stelfox as a "Registrar of Marriages," and attached (with Stelfox's translation) to Stelfox's letter. Specifically, the trial court found as to SAIL's objections to the Cristiano correspondence: "Sustained as to entire Document, hearsay and lacks foundation."

Williams does not challenge this finding,[3] which alone supports the trial court's ruling on her exemption claim, but she nonetheless attacks the court's ruling. After reviewing all of the relevant documents, we find the trial court's ruling to be manifestly correct; we must in any event presume it was correct under the standard of

---

[3]    At oral argument, Williams's counsel conceded the Stelfox letter and the Cristiano e-mail contained inadmissible hearsay.

13

review for unchallenged findings. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) As such, the fact that the Stelfox letter merely restated the contents of the inadmissible Cristiano e-mail did not make the statements in the e-mail admissible by adding another layer of hearsay. Absent any admissible evidence that Williams and Severson were not married as Williams claimed, the trial court was correct that Williams failed to meet her burden to show she was entitled to the levy exemption she sought.[4]

Williams argues that because Stelfox ended her letter by "declar[ing] under the penalty of perjury under the laws of the State of California that the foregoing is true and correct," her letter qualified as an "affidavit" under California law, citing section 2009: "An affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings, and in uncontested proceedings to establish a record of birth, or upon a motion, and in any other case expressly permitted by statute."

This provision does nothing to exempt an affidavit from the rule that hearsay—including multiple hearsay (Evid. Code, § 1201)—is barred absent an exception. (Evid. Code, § 1200.) The fact one avers that he or she has heard something the affiant believes to be true does not transform the restatement into nonhearsay. An affidavit made without personal knowledge, but instead only "on information and belief

---

[4] While obtaining admissible evidence from foreign sources can prove to be a challenge, the California Rules of Civil Procedure do provide for such evidence. Commissions or "letters rogatory" "are basically letters of request to the foreign government, asking it to appoint a deposition officer and to order the witness to appear and testify before such officer." (Weil et al., Cal. Prac. Guide: Civil Procedure Before Trial (The Rutter Group 2021) ¶ 8:647, p. 8E-89, italics omitted.) Under section 2027.010, subdivision (e), "[o]n motion of the party seeking to take an oral deposition in a foreign nation, the court in which the action is pending shall issue a commission, letters rogatory, or a letter of request, if it determines that one is necessary or convenient."

[is] only 'hearsay and no proof of the facts stated therein.'" (*Franklin v. Nat C. Goldstone Agency* (1949) 33 Cal.2d 628, 631.) The trial court did not err in excluding the Stelfox letter.

The other challenge Williams asserts on appeal to the trial court's evidentiary rulings is also unavailing. Williams contends the court violated court rules, Family Code section 217, and due process under the California Constitution by denying her oral request—made for the first time at the hearing on her motion—to allow Stelfox to testify live in the courtroom by a remote connection. The rule of court that Williams invokes (Cal. Rules of Court, rule 3.1306) generally prohibits live testimony at motion hearings: "Evidence received at a law and motion hearing must be by declaration or request for judicial notice *without testimony* or cross-examination, unless the court orders otherwise for good cause shown." (Rule 3.1306(a).) Similarly, while Family Code section 217, subdivision (a), provides for "live, competent testimony that is relevant and within the scope of the hearing," that provision is applicable only "[a]t a hearing *on any order to show cause* or notice of motion *brought pursuant to this code*" (italics added), i.e., the Family Code, not a levy exemption motion. In light of these authorities, we find no due process violation.

Moreover, Williams failed to adhere to the rule of court that requires "[a] party seeking permission to introduce oral evidence . . . [to] file, no later than three court days before the hearing, a written statement stating the nature and extent of the evidence proposed to be introduced and a reasonable time estimate for the hearing." (Cal. Rules of Court, rule 3.1306(b).) Williams did not meet this requirement by stating in her reply brief that "Attorney Stelfox indicated that she would make herself available via telephone conference call for questioning or testimony at the hearing on Williams' Motion." As it appears Stelfox's only contribution would be to repeat inadmissible hearsay stated in an e-mail she received, the court did not err in overruling Williams's oral request at the hearing for Stelfox to testify. Williams fails to establish any "good cause" for this

15

testimony, or to demonstrate any abuse of discretion in the trial court's evidentiary rulings.  Her bid for reversal therefore fails.  (*Molenda v. Department of Motor Vehicles* (2009) 172 Cal.App.4th 974, 986.)

## DISPOSITION

The trial court's order denying Severson's motion to vacate the March 2019 default judgment against him is affirmed, as is the same order denying Williams's November 2019 request for exemption from levies and liens thereunder.  Respondent is entitled to its costs on appeal.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

16